PBT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

SAMUEL ARAOYE

          :        CIVIL ACTION

Noreen Skirkie, Manager:

Tom Wissmers Director :    NO. **19 0719**

HR Mgr, Glenn Harper, Dennis Gibson, Stephanie Gaines (Agency Receivable Supervisor

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.) In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 2-20-19 | Samuel O. Araoye Prose | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-428-9916 | | samaraoyevet@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

PBT

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4842 Summerdale Ave. Philadelphia, PA 19124

Address of Defendant: 1401 JFK Blvd, MSB - Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 1401 JFK Blvd, MSB - Philadelphia, PA 19102

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?

   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-20-19    Samuel O. Aragoye, Pro Se    N/A

Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Samuel O. Aragoye , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 2-20-19    Samuel O. Aragoye, Pro Se    _____

Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

PBT

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

SAMUEL O. ARAOYE

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

_____
*Full name(s) of Plaintiff(s)*

NOREEN SKIRKIE (refund unit Manager)
TOM WISMER ( " " Director)
v.
GLENN HARPER CHR, MANAGER, revenue dept.)
STEPHANIE GAINES (SUPERVISOR, AGENCY-RECEIVABLE)
DENNIS GIBSON (AC47-Local 2186 Vice President).
_____

CIVIL ACTION
NO. **19**    **0719**

*Full name(s) of Defendant(s)*

This action is brought for discrimination in employment pursuant to (check only those that apply):

✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to
       2000e-17 (race, color, gender, religion, national origin).
       *NOTE: In order to bring suit in federal district court under Title VII, you must first
       obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
       Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
       621-634.
       *NOTE: In order to bring suit in federal district court under the Age Discrimination
       in Employment Act, you must first file a charge with the Equal Employment
       Opportunity Commission, and you must have been at least 40 years old at the time
       you believe that you were discriminated against.*

✓    Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
       *NOTE: In order to bring suit in federal district court under the Americans with
       Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal
       Employment Opportunity Commission.*

_____    Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963
       (race, color, family status, religious creed, ancestry, handicap or disability, age,
       sex, national origin, the use of a guide or support animal because of blindness,
       deafness or physical handicap of the user or because the user is a handler or trainer
       of support or guide animals).

(Rev. 10/2009)

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

**I.**     **Parties in this complaint:**

A.     List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name: SAMUEL O. ARAOYE
Street Address: 4842 SUMMERDALE AVENUE
County, City: PHILADELPHIA, PA 19124
State & Zip: PA 19124
Telephone Number: 267-428-9916

B.     List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant     Name: NOREEN SKIRKIE
Street Address: 1401 JFK BLVD - MSB (RM. 400).
County, City: PHILADELPHIA, PA 19102
State & Zip: PA 19102
Telephone Number:_____

C.     The address at which I sought employment or was employed by the defendant(s) is:

Employer: CITY OF PHILADELPHIA
Street Address: 1401 JFK BLVD - MSB
County, City: PHILADELPHIA
State & Zip: PA 19102
Telephone Number:_____

**II.**     **Statement of the Claim**

A.     The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

_____ Failure to hire me

_____ Termination of my employment

✓ Failure to promote me

**DEFENDANTS:**

- **NOREEN SKIRKIE, REVENUE MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

- **TOM WISMER, REVENUE DIRECTOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

- **GLENN HARPER, HR MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

- **KIA MILLER, HR PROFESSIONAL @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

- **STEPHANIE GAINES, AGENCY-RECEIVABLES SUPERVISOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

- **DENNIS GIBSON, VICE-PRESIDENT DC47 (LOCAL 2186).**

1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102

_____ Failure to reasonably accommodate my disability

_____ Failure to reasonably accommodate my religion

✓ Failure to stop harassment

✓ Unequal terms and conditions of my employment

✓ Retaliation

✓ Other (*specify*): Lack of needed adequate training in a new unit, even during peak of tax-season, with backlogs from my predecessor that was on leave-to-retirement.

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.* Noreen Skirkie s.o. There was no 2nd month evaluation; lied on the rejection notice

B. It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) 12, (day) 18, (year) 2017.

C. I believe that the defendant(s) (check one):

✓ is still committing these acts against me.

_____ is **not** still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

✓ race _____

_____ religion _____

✓ national origin _____

✓ color _____

✓ gender/sex _____

_____ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E. The facts of my case are as follow (*attach additional sheets of paper as necessary*): Please attached papers for further details.

Discrimination based on lack of needed adequate training for a black male individual of African origin. My predecessor quit the unit and left on leave-to-retirement. Before I resumed as hired on 12/18/17, Stephanie Gaines was acting as Accounting Supervisor, and was asked by the management to train and hand over to me. Instead of adequate training, what I obtained, was skeletal information and hostility/harassment from this individual. She even had issues when I take notes, and when I alerted Noreen about this, she said I should not be paranoid, and that she had let a supervisor go for being paranoid before. (Please see attached paper for details).

Stephanie quit "training" me within 14 working days of my arrival at the unit, and the management did not provide any training thereafter, despite the fact that I had to

-3-

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Samuel Araoye**
**4842**
**Summerdale Ave**
**Philadelphia, PA 19124**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2018-04056** | **Legal Technician** | **(215) 440-2828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Janie R. Williamson*

**Jamie R. Williamson,**
**District Director**

November 26, 2018

*(Date Mailed)*

Enclosures(s)

cc:
**Linda Busillo**
**Sr. Legal Assistant Supervisor**
**PHILADELPHIA LAW DEPARTMENT**
**1515 Arch Street**
**16th Floor**
**Philadelphia, PA 19102**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CHARGE OF DISCRIMINATION

EEOC Form 5A (October 2017)

For Official Use Only – Charge Number:
530-2018-04056

| | |
|---|---|
| **Personal Information** | First Name: SAMUEL  MI: O.  Last Name: ARADYE<br>Address: 4842 Summerdale Ave  Apt.: _____<br>City: Philadelphia County: Philadelphia State: PA Zip Code: 19124<br>Phone: 267-428-9916 Home ☐ Work ☐ Cell ☒ Email: afroxylin7@gmail.com |
| **Who do you think discriminated against you?** | Employer ☒  Union ☐  Employment Agency ☐  Other Organization ☐<br>Organization Name: City of of Philadelphia<br>Address: 1401 JFK Blvd  Suite: 400<br>City: Philadelphia  State: PA Zip Code: 19124 Phone: _____<br>*2018 JUN — RECEIVED PHILADELPHIA PHILADO. 11:22* |
| **Why you think you were discriminated against?** | Race ☒  Color ☒  Religion ☐  Sex ☐  National Origin ☒  Age ☐<br>Disability ☐  Genetic Information ☐  Retaliation ☐  Other ☐ (specify) |
| **What happened to you that you think was discriminatory?**<br><br>*rejection letter was not processed in line with regulation*<br><br>*I was even escorted out of my office before the rejection was made effective* | *rejection letter was not served in accordance to regulation*<br>Date of **most recent job action** you think was discriminatory: _rejection on probation_<br>Also describe briefly **each job action** you think was discriminatory and when it happened (estimate). — Lack of adequate training on new jobs, hostile work environment by co-worker (Stephanie Craine — with threatening words), abusive director (Tom Wisner) & unfair, discriminatory, disrespectful, privacy-invading, retaliatory/vindictive manager (Noreen Starke) that invaded my office while I was at morning training that she is aware of, but chose to invade and trawl through my office in her bid to reject me on probation at all cost. I also experienced discrimination at other departments (City Controller's office, Finance, Revenue) |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>**I declare under penalty of perjury that the above is true and correct.**<br>Signature: _Samuel O. Aradye_  Date: 6-11-18 |

**Information For Complainants & Election Option**
**To Dual File With The**
**Pennsylvania Human Relations Commission**

Samuel Araoye v. CITY OF PHILADELPHIA

EEOC Charge No.   530-2018-04056C

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHCR) under the Pennsylvania Human Relations Act. Filing your charge with the PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year of filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

*I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4909, relating to unsworn falsification to authorities.*

Samuel O. Araoye, 7-19-18
Signature and Date

*I do not want my charge dual filed with PHRC.*

_____
Signature and Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604
Website: www.eeoc.gov

November 23, 2018

Our References:     Araoye v. CITY OF PHILADELPHIA
                    Charge No. 530-2018-04056

Samuel Araoye
4842
Summerdale Ave
Philadelphia, PA 19124

Dear Mr. Araoye:

This is with reference to your correspondence and subsequent communication with this office in which you alleged employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, by the above-named Respondent.

Review of the available evidence does not establish a violation of the statute(s). You did not provide any supporting direct or circumstantial evidence of discrimination. You were in a position to know but did not provide any specific examples of disparate treatment because of your Race, Color or National Origin. This does not certify that Respondent is in compliance with the statutes.

While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

Sincerely,

Louis A. Marino
Federal Investigator



**City of Philadelphia**

**Office of Labor Relations**
*1515 Arch Street, 11th Floor*
*Philadelphia, PA 19102-1675*

Monica Marchetti-Brock, Director

November 14, 2018

Samuel Araoye
4842 Summerdale Avenue
Philadelphia, PA 19124

Dear Mr. Araoye,

This letter is sent to apprise you of the results of the investigation conducted by the Employee Relations Unit.

In your written statement to this office, you stated that Ms. Noreen Skirkie, your supervisor, discriminated against you based on your race, a claim which was based on her disparate treatment of employees due to their race and the incomplete training provided to you in your former role. You also alleged that Mr. Thomas Wismer, your manager, discriminated against you based on your race when he failed to provide you with the training necessary to successfully complete your probationary period, and that Ms. Skirkie and Mr. Wismer each retaliated against you for raising building security concerns with the department when they rejected you on probation from your role as Supervisor of the Revenue Department's Refund Unit. Furthermore, you also claimed that Ms. Stephanie Gaines, a colleague in the Revenue Department, created a hostile work environment when she repeatedly screamed at you in your office, and told you she would watch you "crash and burn" after transitioning out of the Refund Unit without preparing you to complete the job duties assigned to your role.

An investigation has been conducted; interviews were held with various parties who were cited in your complaint.

The result of the investigation is that both the allegations of discrimination based on race and retaliation submitted against Mr. Wismer were not sustained by corroborative evidence. Additionally, the allegations of discrimination based on race and retaliation submitted against Ms. Skirkie was not sustained by corroborative evidence.

Although the claim of a hostile work environment submitted against Ms. Gaines could not be sustained by corroborative evidence, the investigation did receive corroborative evidence that on multiple occasions Ms. Gaines' conduct violated the standard set by the Dignity Clause, which stipulates that "City managers and its employees should treat other employees and the public with respect, dignity, and in a manner that is not offensive.". Therefore, based on this finding, the investigation recommends that administrative measures are taken which are proportionate in nature to the finding.

We appreciate you bringing this matter to our attention.

Sincerely,

Chance Toland-Wilson
Senior Labor & Employee Relations Analyst

SAMUEL O. ARAOYE

VS.

- NOREEN SKIRKIE, REVENUE MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA

- TOM WISMER, REVENUE DIRECTOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA

- GLENN HARPER, HR MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA

- KIA MILLER, HR PROFESSIONAL @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA

- STEPHANIE GAINES, AGENCY-RECEIVABLES SUPERVISOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA

- DENNIS GIBSON, VICE-PRESIDENT DC47 (LOCAL 2186).

Philadelphia Civil Service Regulation specifies the use of valid performance evaluation in the determination of removing a candidate from an eligible list for job opportunities or promotion, but does not state that rejection notice should be used in this regard. The regulation does not allow two performance evaluations within 90-day window. Per probationary period, the regulation does not specify calendar month as the measure (unlike Pennsylvania State Civil Service Regulation that clearly specifies that its probationary period is indeed by calendar month).

No second month evaluation was issued to me by Noreen; the only valid evaluation that I signed dated 4/17/18, which is the 5th month report. The one dated 5/23/18 is a clear violation of civil service regulation (on which the rejection was based), and I did not sign it. I believe the wrongful evaluation dated 5/23/18 was eventually removed from my employee folder. But the rejection notuce that also violated civil service regulation was not removed, along with its effect of denying me a worthy promotion that I have rightfully earned per the 5th month report dated 4/17/18, per regular and overtime hours worked. And as of 6/6/18 when I was bamboozled out of office, I already put it over months of work hours per regular and overtime hours worked. And since the civil service regulation does not go by calendar month, I have successfully completed probationary period, and was not supposed to be rejected on probation in the first place, let alone using uncompleted rejection process to

remove me from the list of eligible candidates, even in another exam that is totally different from the one that I was on probation for.

Not giving me 2nd month evaluation is the main reason for not pursuing other opportunities; for instance, I declined an interview at Philadelphia Water Department (Please see email dates 2/28/18 by Valerie Sheppard. And falsification of my employee records at Revenue-HR, and using such to remove my name from the eligible in subsequent examination is tantamount to denying me of my veteran's rights and preference, and this is because if I am not a veteran, the department would not have to manipulate my employee records in its bid to deny me a promotion. In the rule-of-two, if two non-veterans were interviewed, anyone can be chosen. But if a veteran is interviewed along with a non-veteran, the veteran has to be chosen. While in a case of two veterans, the more qualified veteran can be chosen.

On 12/18/17, I was promoted into a unit that is totally new to me, as I was in Water Revenue Bureau section of the department (with about 4yrs experience there) before I was promoted to the Tax Revenue section in the refund unit with totally different system and operations from what I was used to. My predecessor quit the refund unit, as she left on leave to retirement. Stephanie Gaines was the acting in that capacity before my promotion, and per my promotion, the management tasked and paid her out-of-class to train me. But she only gave skeletal information for about 14 working days, and quit training me, and she even reported falsehoods about myself and my unit to my superiors before and after her unit was removed from mine because the union does not allow that an employee be another employee's supervisor if both are in the same union. Prior this separation, I was her supervisor, and she was taking advantage of the fact that I am new to the unit, as the management put my career at risk with someone that did not want me to be successful in the unit. She harnessed me several times between 12/18/17 and 6/6/18, and this was reported to the employer's EEO. The outcome of EEO's investigation was that she only violated Dignity Clause, and that certain actions would be taken.

The employer has history of not training employees adequately, especially those posted on probation to a new unit. It is indeed an unequal employment opportunity to measure an employee that was promoted in situ at the same unit that such employee has been for long, to another employee promoted to a totally different unit/environment/system, let alone the one that is denied adequate training, amidst workplace hostility by the same individual tasked to train the employee, and even while upper management members were being lackadaisical about this. And in a complex unit and during peak of tax season in which I was supervising 10 − 15 employees. By departmental standards, I was even a Refund Unit Manager, and no structured training was provided, as it is highly unusual for any supervisor in the City of Philadelphia to supervise that many employees, as I was even tasked to solicit for employees from other units to work overtime in my unit as a result of mounting backlogs per peak tax season. And getting employees from other units to work overtime at refund unit has been the practice before I was promoted to the unit.

Also, several cases of safety/security/harassment of my female employees by non-employees during lunch and/or on their way to and/or from work was reported to the HR during this probationary period. Even prior to my promotion, my old unit had cases of bed-bugs that were brought to my attention as the Union Representative back then, and the HR asked that sighted bugs should be brought to Revenue-HR live to the HR, which I dutifully did voluntarily, and the menace was under control because the employer

was compelled to treat affected areas where a bug is sighted. But after I left to begin probation at the refund unit, the issue escalated because employees are mostly scared to report such because they do not want to get on the bad side of the employer. To the extent that an employee lost his job, when there was an issue of bed-bug at his home, as I was told. And when reportedly informed the employer, he was made to stay out until his home is professionally certified bug-free. Despite the fact that we have been seeing these bugs before the employee was hired.

On 5/18/18, I reported a safety/security issue that one of my employees brought to him, in which an assailant reportedly urinated in front of her, along with a report of a loud lady's voice that heard in a place known to be having security/safety issues behind my office. The place is now well secured, but I was questioned by the HR about working so late. My overtime hours end at 10pm, and per adverse effects of inadequate training, it is not unusual for me to work late in trying to put in my best and learn more. And I was even made to take calls, especially when we're shorthanded (and Stephanie reported calls not being taken regardless of my efforts). From 12/18/17 when I started, it was not until April, 2018 that Noreen stopped me from taking calls. Among other things I could not even touch during the probationary period was TIFF tasks and check processing. Noreen did not tell me whether any employee is responsible for this. While I did not take a day off throughout my stay at refund unit, Noreen at a point took about a week off, and tasks that should be submitted to her per school district tax refund, among other things piled up. But when she returned, she dictated what and when I can bring anything to her attention. Noreen also had issue with me being trained administratively; as twice said something about me attending training too many training, and three in a row. This training started in the 3rd month, and I did not attend any training consecutively, let alone taking a whole day. And she was always aware of my training schedule on the same day that I was notified by the HR. After I was questioned for working late by the Revenue-HR, I responded accordingly and I was thanked for being proactive on security/safety matters. But 5 days after that (5/23/18), Noreen chose to invade my office while on an administrative training that she was aware of, as approved by her. She thrashed my office, leaving tax-payers' paperwork on the floor, and even wrote a bad evaluation. But another employee (Mr. Lobley), being Caucasian was not even questioned about an old refund petition as far back as 8 months back. When asked for the disparity in treatment of employees (in the presence of Tom and my union president, Ms. Pamela Robinson, she said it was because Mr. Lobley just returned from sick leave. When I responded that she is well aware that Mr. Lobley has medically cleared by a physician with no restriction.whatsoever, she said Mr. Lobley was not on probation at the time, but I was. Again, this is an apparent case of discrimination. Also, another Caucasian employee, Mr. Pepe was always coming in early, and was never questioned for doing so. Noreen also asked me to tell a Caucasian employee to watch a black male employee for lateness. And Ms. Robinson told her that doing such is wrong.

On 6/6/18, Noreen deceptively called me into 5th month evaluation meeting by 12pm (I thought she has a feedback for me per my union president's mediation), and I cannot ignore such memo since I already have a valid 5th month performance evaluation report, as Glenn Harper told us in a training on 6/5/18 that ignoring or not answering when a superior calls on you is an act insubordination. Noreen too attended same training at another day, and the training is about writing employee's performance evaluation (ref. Noreen did not give me 2nd moth evaluation). But on sighting me in her office at 11:59am, she immediately said we have to see Kia at Revenue HR. Hence, I called an available union rep (Ms. Grandy), since Ms. Robinson is far from our office, and in giving her benefit of doubt, as managers feel somehow whenever an employee call union representatives on simple matters that cab be resolved

internally. But at same time, I played safe by calling a union representative when the location and members of the meeting was changed by Noreen. That was how the purported 5th month evaluation meeting was turned into rejection meeting without prior notice. Albeit, if such is justified, why the use of a deceptive memo. The clear motive was to deny me access to adequate union representation, as Ms. Grandy was new union representative with limited experience at the time. But she was the one the Revenue-HR handed the rejection notice to, and she immediately spotted an error regarding downgraded rating per performance evaluation dated 4/17/18, as it has been falsified to satisfactory, whereas it was superior. The Revenue-HR (Kia Miller) promised to correct this, but she did not. Rather, she escorted me out of my office, even before the deadline stated on the purported rejection (i.e. "...close of work..." for me is at 5:30pm, but I was bamboozled out of office at 12:45pm).

Dennis Gibson colluded with the management by meeting with the latter when it was concluded that I should be rejected on probation; he did so without my consent, and he did not even speak to me about it up till the present moment.

Civil Service Regulation requires that employee being rejected should be given the "completed" notice in person or via registered mail. None of this happened before and after I was bamboozled from office under undue and manipulated process.

Noreen also lied on the rejection that performance evaluation dated 4/17/18 was for 2nd month evaluation; whereas, it clearly states 5th month as Type of Report. It was when Revenue-HR was using these events to remove my name from the list of eligible candidates for the subsequent examination for 2018 that I realized that the evaluation has been falsified. I brought this to the attention of Revenue-HR and the Office of Human Resources, as well as the Civil Service Commission, but no action was taken to correct this. That is why I took the matter back to EEOC, and another case opened as we speak. Someone also used initials "GRH" to alter effective date on the rejection notice inside my employee folder at Revenue-HR.

When the bad evaluation was written by Noreen, my union president waded in, but Tom was overly abusive with defamatory utterances by saying that I am a very terrible employee, and that I should have been just distributing work to employees.

Also there has been several prior cases of discrimination/unfairness/unequal employment opportunities and total disregard for veteran's rights and preference by this employer (i.e. at Finance, Controller's Office, another case @Revenue Dept, and Office of Emergency Management), and I believe what happened to me during this probationary period is a retaliation and conspiracy. In a particular case, after Controller's Office denied me employment by lying that I was not a CPA exam candidate (even when I already submitted my CPA exam candidate card), the office even interfered in another hiring process that does not concern its department. And when I reported this the Office of Human resources and the Revenue department that was hiring for Revenue Tax Conferee job, the management covered up the case, and the OHR even cancelled the exam. And I would not be surprised if the Controller's Office still has a hand in this, as the refund unit report operational activities to the office on a weekly basis. And there was a time one of my employees that is responsible for submitting refund unit's operational activities to Controller's Office said someone that knows me there would like to see me (and that is the individual that is responsible for taking reports of operational activities from the refund unit).

In a familiarizing tour (in case I have to submit reports when employees assigned are out) the employee took me there, but the person did not show up. And we returned back to our office.

Revenue is the same department where I made over $2.5Million in account receivables for my employer at Water Revenue Bureau in less than 4 years, and also processed over $15 million dollars during this probationary period by giving everything, including staying unpaid hours to learn the job, as no structured training was provided by the employer.

**DEFENDANTS:**

- **NOREEN SKIRKIE, REVENUE MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

- **TOM WISMER, REVENUE DIRECTOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

- **GLENN HARPER, HR MANAGER @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

- **KIA MILLER, HR PROFESSIONAL @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

- **STEPHANIE GAINES, AGENCY-RECEIVABLES SUPERVISOR @ REVENUE DEPARTMENT - CITY OF PHILADELPHIA**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

- **DENNIS GIBSON, VICE-PRESIDENT DC47 (LOCAL 2186).**

**1401 JFK BLVD., MSB – ROOM 400, PHILADELPHIA, PA 19102**

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III.    Exhaustion of Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: _6 – 28 – 18_ (*Date*). _6 – 11 – 18_
   *50. 11*

B.    The Equal Employment Opportunity Commission (*check one*):

   _____ has not issued a Notice of Right to Sue Letter.
   __✓__ issued a Notice of Right to Sue Letter, which I received on _11-30-18_(*Date*).

   **NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C.    *Only plaintiffs alleging age discrimination must answer this question.*

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

   _____ 60 days or more have passed.
   _____ fewer than 60 days have passed.

D.    It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _7 – 19 – 18_ (*Date*).

E.    Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

   _____ One year or more has passed.
   __✓__ Less than one year has passed.

## IV.  Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

_____  Direct the defendant to hire the plaintiff.

_____  Direct the defendant to re-employ the plaintiff.

✓  Direct the defendant to promote the plaintiff.

_____  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

_____  Direct the defendant to reasonably accommodate the plaintiff's religion.

✓  Direct the defendant to (*specify*): Provide adequate training

✓  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

✓  Other (*specify*): EMOTIONAL DISTRESS AND HYPERTENSION (HIGH BLOOD PRESSURE) INFLICTED ON ME BY DEFENDANTS; DEFENDANTS LIABLE FOR $25 MILLION

**I declare under penalty of perjury that the foregoing is true and correct.** IN DAMAGES.

Signed this 20 day of February, 2019.

Signature of Plaintiff  SAMUEL O. ARAOYE
Address  4842 Summerdale Ave.,
PHILADELPHIA, PA 19124

Telephone number  267-428-9916
Fax number (*if you have one*) _____

-5-



## Ms. Karen Jackson's experience

1 message

**SAM ARAOYE** <afroxylin7@gmail.com>
To: Cheryl Grandy <grandycheryl@gmail.com>

Not training an employee is tantamount to racism:

Good evening Ms. Grandy; I'm sending a copy of what was given to Ms. Karen Jackson when she was promoted to accounting supervisor back in the days. They just gave her a list of items without training her; she didn't tell me whether she was rejected or she left by herself. But that's to butress on the proof that they set people up for failure. for failure. Ms. Jackson retired @EP 15, and it's so frustrating.

She retired @EP15, and looking thru the list, some of them are Refund unit tasks, and I believe this must be what an accounting supervisor does up there on 4th flr (except for refund processing). Ms. Jackson narrated her experience and even gave me a copy about 3yrs ago (she was very specific about "upstairs"... meaning 4th flr), as if she knows what would happen to me in the same environment

**20180829_202604.jpg**
3.8 MB

## Duties:
### Financial Reporting

Check daily Consolidated Statement ✓
Pica daily Transfers ✓
Lien Sale Transfers ✓
- Monthly Bank Reconciling Items ✓
  Over and Short Deposits ✓
- Month-end Famis adjustments ✓
- A/R monthly report for activity of city departments ✓
- Prepare agency receivable A/R monthly report
  License and Misc Register ✓
- Monthly Pica Reconciliation ✓ *Participation Inter governmental Coopa*
  U. S. Census quarterly report on revenues
  Yearly 10 year CAFR report for real estate
  Yearly Allowance for uncollectible accounts for taxes ✗
  A/R aging report
  Preparation of A/R write-offs for yearly panel meeting
  Yearly maintainence of Real Estate Bulk Requestor deposits ✓
  Yearly overpayments Payable for Fiscal Year
  School Board advances and reductions of bulk requestor monies ✓
  Tax Increment Financial District Refunds as requested
  Adjustments to Famis for city departments as requested
- Fiscal year end GASB accounts receivable statement for Finance *at a point of whole any*
✶ Responsible for the accuracy of City and School Comparative reports ✓
✶ Payment Research for purposes of identifying payments so they can be properly ap
✶ Problems/ Resolutions for agency/bank return and settlement unit work
? Yearly Public Utility Realty Tax Report
✶ Process Progressive payment posting and handle problems with reconciling the mo
  Keep record of NSF's and Progressive collections. ✓
  Verify accuracy of monthly invoices from Progressive ✓
  Process FUNB overpayments. ✓

## AGENCY RECEIVABLE UNIT
Report liens for Sheriff Sale Notices
Process electronic receivable files
Process/Post payments
Settlement of Litigated Claims from Law Dept
Tax Review Board Decisions
Progressive worksheet on collections
Provide taxpayer information and payoff information for lien balances
Ordinances
Mechanical Amusement Tax



## Interview Opportunity for Departmental Accounting Systems Specialist
1 message

Valerie Sheppard <Valerie.Sheppard@phila.gov>
To: afroxylin7@gmail.com <afroxylin7@gmail.com>

Wed, Feb 28, 2018 at 1:09 PM

Good afternoon Mr. Araoye,

Philadelphia Water, a public utility and department of the City of Philadelphia, is conducting interviews to fill the position of Departmental Accounting Systems Specialist within its Finance Unit.

Please reply to this email by 4 p.m. on Friday, March 2, 2018 indicating whether you are interested in interviewing for this position. If I do not hear back from you by 4 p.m. on March 2, 2018, our office will assume that you are uninterested in interviewing for this position and will start the process of requesting that your name be removed from the Departmental Accounting Systems Specialist eligible list.

Thank you,

Valerie E. Sheppard, MBA
**Philadelphia Water Department**, Human Resources Professional
1101 Market Street, 5th Fl. ARAMARK Tower
Philadelphia, PA 19107
Office 215-685-6129 | Fax 215-685-6389
valerie.sheppard@phila.gov

# Applicant Portal



Dashboard

Search Jobs

Your Bookmarked WorkforceRequests

**Your Applications**

Your Documents

Account Settings

Demographic Info

Logout SAMUEL

Help

## Your Applications (17)

### Applications to Complete (3)

In order to be considered for these workforcerequests, you must complete your application prior to the Closing Date.

|  | WorkforceRequest Number | Application Materials |
|---|---|---|
| **Revenue Examiner 3** <br> WorkforceRequest closed. | 2B33-20180507-PR-00 | WorkforceRequest closed. |
| **Radiology Services Supervisor** <br> WorkforceRequest closed. | 4A06-20180507-OC-00 | WorkforceRequest closed. |
| **Administrative Specialist - Supervisory - Non-Confidential** <br> WorkforceRequest closed. | 2L33-20181022-PR-00 | WorkforceRequest closed. |

## Completed Applications (14)

|  | Confirmation Number | WorkforceRequest Number | Status | Application Date | Application Materials |
|---|---|---|---|---|---|
| Budget Analyst 1 <br> Archive | CN000940772 | 2C11-20160718-PR-00 | List Expired | July 20, 2016 | Application <br> Transcripts 1 <br> Transcripts 2 |

| Position | Requisition | Code | Status | Date | Documents |
|---|---|---|---|---|---|
| | | | | | Registrations and/or Certificates 1 |
| Administrative Specialist 1 - Non-Confidential  Archive | CN001061149 | 2L31-20170227-PR-00 | Eligible For Hire | February 27, 2017 | Application  Transcripts 1 |
| | | | | | Licenses, Registrations and/or Certificates 1 |
| | | | | | Resume |
| Accountant/Revenue Examiner/Contracts Auditor Trainee  Archive | CN001093481 | 2A05-20170410-OC-00 | Not Available | April 18, 2017 | Application  Resume |
| | | | | | Transcripts 1 |
| | | | | | Licenses, Registrations and/or Certificates 1 |
| | | | | | DD-214 |
| Administrative Officer  Archive | CN001132683 | 2L20-20170731-PR-00 | Eligible For Hire | August 04, 2017 | Application |
| Accounting Supervisor  Archive | CN001135488 | 2A07-20170814-PR-00 | Hired | August 15, 2017 | Application  Resume |
| | | | | | Cover Letter |
| | | | | | Transcripts 1 |
| | | | | | Letter of Recommendation 1 |
| | | | | | Transcripts 2 |
| Fiscal Analyst 2  Archive | CN001138598 | 2F26-20170828-PR-00 | Application Disapproved | August 28, 2017 | Application  Resume |
| | | | | | Transcripts 1 |
| | | | | | Licenses, Registrations and/or Certificates 1 |
| | | | | | Transcripts 2 |
| Tax and Revenue Conferee  Archive | CN001161180 | 2B40-20170911-OC-00 | Examination Cancelled | September 26, 2017 | Application  Resume |
| | | | | | Transcripts 1 |
| | | | | | Letter of Recommendation 1 |
| | | | | | DD-214 |
| Accounting Transactions Supervisor  Archive | CN001287230 | 2A08-20180618-PR-00 | Application Disapproved | June 23, 2018 | Application  Transcripts 1 |
| | | | | | Transcripts 2 |
| Budget Analyst 1  Archive | CN001301063 | 2C11-20180730-PR-00 | Scoring Complete | August 03, 2018 | Application  Resume  Transcripts 1 |

# 14. PROBATIONARY PERIOD

**14.01 - <u>APPOINTMENTS FROM ELIGIBLE LISTS</u>.** All persons appointed from open competitive, promotional or preferred eligible lists shall be subject to a probationary period of six (6) months, except as may be otherwise provided in the Regulations. The period of probation is expressly understood to be part of the entrance or promotional examination or reinstatement and that the status of the appointee or reinstated employee as a permanent employee is not approved until successfully completing his/her period of probation.

Home    Jobs    Resources

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

## ELECTRONIC CASE FILING (ECF)
## NOTIFICATON OF CASE ACTIVITY REQUEST FORM

As a registered Electronic Case Filing User, I am requesting that the following e-mail address(es) receive electronic notification of case activity on any case in which I have entered my appearance. I understand that the e-mail address(es) listed below will receive the electronic notification of case activity, in addition to the e-mail address that I listed on my ECF Registration Form.

*(Please Print or Type)*

**E-mail Address (es)**
**(Maximum of 3)**

samargoyevet @ gmail.com

Delight7191@gmail.com

_____

SAMUEL O. ARAOYE  *Pro se*
*Attorney Name (printed)*

Samuel O. Araoye, Pro Se.
*Attorney Signature*

267.428.9916
*Telephone No.*

2-20-19
*Date*

If there are any future changes to the information listed above, an amended *Notification of Case Activity Request Form* must be submitted. If more than 3 e-mail addresses are required, please submit a request to the attention of the Clerk of Court.

Please return completed form via U.S. Mail to:    Clerk of Court
U. S. District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797
*Attn: ECF*

or return via Fax to: (215) 597-6390

(rev. 8/2016)



**Fwd: Fw: Addendum (sequel to response dated 12/5/18) - RE: Accounting Supervisor**
1 message

**SAM ARAOYE** <afroxylin7@gmail.com>
To: delight7191@gmail.com, Samuel Araoye <samaraoyevet@gmail.com>

---------- Forwarded message ----------
From: **SAM ARAOYE** <afroxylin7@gmail.com>
Date: Sat, Dec 8, 2018, 10:30 AM
Subject: Fwd: Fw: Addendum (sequel to response dated 12/5/18) - RE: Accounting Supervisor
To: Christian Nduka <esquire4@verizon.net>

---------- Forwarded message ----------
From: **samuel araoye** <samuel.araoye@phila.gov>
Date: Sat, Dec 8, 2018 at 10:24 AM
Subject: Fw: Addendum (sequel to response dated 12/5/18) - RE: Accounting Supervisor
To:


Samuel O. Araoye

Accountant

Water Revenue Bureau

MSB Building Room 380

Philadelphia, PA 19102

---

From: samuel araoye
Sent: Thursday, December 6, 2018 10:29:46 AM
To: Princess N Ray (Princess.N.Ray@phila.gov)
Subject: Addendum (sequel to response dated 12/5/18) - RE: Accounting Supervisor


Department of Revenue

Princess-Cencerae N. Ray

Assistant HR Manager/LMS Administrator

Human Resources Office

1401 JFK Blvd. ~ Suite 430

Philadelphia, PA 19102


<u>Addendum (sequel to prior response dated 12/5/18):</u>

<u>Inequality of Employment Opportunity per Accounting Supervisor position held at Refund Unit</u>


Good afternoon Ms. Ray;

The major inequality of employment opportunity in this case is the difference between an employee promoted in situ and another employee promoted outside of his/her unit, and even worse, without formal/structured training

I was even escorted out of my office (12:45pm) on 6/6/18 immediately after the misleading meeting called by Noreen, which was actually a rejection meeting; whereas the deadline on the purported rejection notice was the e schedule).

In March of 2018, a key employee was on extended sick leave until after I was given second 5th-month performance evaluation that contravenes the CSR per 90-day interval for issuance of performance evaluations, which sta position in the unit. The only Accountant I had when I first started was still an Accountant-Trainee at the time. A full-performance Accountant was not brought into the unit until after two months, and he was mainly responsibl

While the employee was out on extended sick-leave, Noreen too was out for about two weeks, in which school-district refunds and another refund task that she had to check before we process refunds piled up.

Also, I was never trained on check processing (not even at WRB), and never was it part of my tasks. At refund unit, I was not even aware that check should be processed by a particular employee; I believe checks started comi from my unit by the management per an alleged union-specification that employee in the same union cannot supervise each other. If I have to process any check ad hoc per real-estate refunds that might have been issued in (including city-issued checks), I had to call Tom, and he would help in doing so occasionally (Tom did not tell me that I should not be the one responsible for check processing). Even the printer meant for processing check bel separated from the refund unit. Just before Noreen issued the second 5th-month performance evaluation, an employee was posted to my unit, and her tasks per Noreen was not check processing. After the second 5th-month representative told me the importance of check processing, and even informed me that the employee that was transferred from the agency-unit knows how to process checks. Hence, I asked her if she could help; she showed to process some checks before I was told to leave the unit.

Serving probationary period is part of an exam per CSR, and if unsuccessful, such rejection is the outcome of the exam, which should not be part of another exam, especially such that has no correlation to any prior performar the rejection in this case was not served in line with the CSR. Please see the attached documents per discrimination workplace hostility reported to EEO, EEOC, and PHRC. Revenue-HR (Kia Miller) was also notified with details the City's EEO.

This further shows the unfair treatment, as I was not allowed enough representation per aforementioned misleading email sent by the manager in a bid to reject me on probation by any possible means (even against civil s attached in your email yesterday, in which the a date was altered after the fact without prior notice per the probation, the Revenue-HR (Kia Miller) corrected the rejection notice regarding erroneous misstatement of the ratir error stated that my rating was satisfactory; whereas, the rating was superior. Correcting such document warrants documented signatures of the Revenue Commissioner and the OHR Director to at least prove beyond reas have updated information, let alone any possible litigation regarding the matter in the future. By the way of forensic analysis, it is the same signatures page that was attached to the corrected rejection. Let alone the fact th person or via registered mail), which in and on its own nullifies the rejection process and the notice in entirety.

Additionally, I believe Noreen knowingly handed my copy of performance evaluation dated 4/17/18 in an unsealed envelope to one of refund unit's employees. The employee being an associate of Stephanie Gaines that obvio incessant harassment and threats, and the for fact that an employee's evaluation is a private document and should treated professionally with warranted privacy.

- The essence of timely performance evaluation is to enable an employee to know where improvement is needed; performance evaluation not given in a timely manner means such employee is satisfactory

- 23.0331 - Employees in classes of positions represented by District Council 47 or in the Non-Represented category who have not received a timely annual performance evaluation, shall be presumed purposes of determining eligibility for earned step increments and eligibility to compete in examinations.
  - **Performance evaluation dated 4/17/18 is the only one received in-line with CSR 23.03, and the only one for the purpose of annual performance evaluation per CSR# 23.0331, and an per CSR# 23.034**

- While I believe the rejection was done in error, the CSR does not have provision for an appeal. The rejection was based on an evaluation given in less than 30 days of the one issued on 4/17/18, which violates CSI
  - 23.034 - Whenever there is a change in an employee's work performance sufficient to cause a change in his overall rating, a performance report shall be prepared and filed. Such report that of the last performance report on the employee. **Such report may not be filed with the Director earlier than three months following the effective date of the last performance repo**

- Per CSR# 23.034, no two performance evaluations can be issued within 90 days; hence, the performance evaluation dated 5/23/18 contravenes CSR 23.034, and such makes the rejection invalid per CSR, as

  - **Hence, the performance evaluation dated 4/17/18 (with superior rating), which states that Type of Report is 5th month is the only one in-line with the CSR.**

- A well-structured and formal training is needed per the CSR# 26, especially when an employee is moving from one section (Water Revenue Bureau) of the department to another (Tax Revenue Bureau); the proces that of the Refund-Unit is 80% paper-based. And not providing formal training affected my performance, but I did very best to attain Superior Rating per evaluation dated 4/17/18.
  - Per Governmental accounting, WRB is an enterprise by the way of PWD (proprietary fund), while Tax Revenue is part of the general fund. Hence, I was promoted to a totally different environment, with given. And Regardless, I did my very best to attain superior rating per evaluation dated 4/17/18

- I started as the Refund Unit Supervisor on 12/18/17, and a Clerical Supervisor was assigned to train. While her training was intentionally skeletal (as per reported workplace violence and clear attempts to ensure th of my arrival at the unit, and she made this known to the management in writing (copy of the email attached below). Stephanie Gaines quit training me on 1-5-18; **no provision for formal training was provided by**

  - 26.01 - RESPONSIBILITY FOR TRAINING. The Director shall foster and develop, in cooperation with appointing authorities and others, programs for the improvement of employee effectiven and encourage and exercise leadership in the development of effective personnel administration within the several offices, departments, boards and commissions of the City and within any paid from the City Treasury. Such training programs may include lecture courses, demonstrations, assignment of reading matter, or such other techniques as may be available for the purpo knowledge of officers and employees in the Civil Service in the performance of their respective duties.

  - Employee promoted to a new unit would indeed need more formal training than other employees that are promoted *in situ*; whereas, no formal training was provided at the Refund Unit, and I was left to as

- No official training was provided, which violates civil service regulation (the subordinate assigned to train me quit doing so within my first two weeks in the unit); and the individual was only giving skeletal inform put puzzle together. And after she stopped training me, I was left to ask questions from other employees in the unit, and the Director (whenever I can get him within his schedule).

  - The manager that wrote my evaluation did not train me; and she did not give me any 2nd month evaluation as at when due. Hence, 2nd month is deemed satisfactory per CSR, while the evaluation dated 4,

- Additionally, the rejection was not served in-line with the CSR, as the one handed to my union representative on 6/6/18 has an error, and Kia corrected the error by email, as against the CSR that states rejection sh rejection was not completed per the following CSR.
  - **14.0414 - Notice to Employee. A copy of the completed Notice of Rejection shall be personally delivered or sent by registered mail to the employee. The rejection of the emp complete.**

  - On 6/6/18, the memo from my manager states a meeting for 5th month evaluation, but she actually misled me with that memo, as the meeting was actually for rejection. With this, she did not give me end Robinson was the one handling the case all along. And in the meeting she attended prior to 6/6/18 with Noreen and Tom, it was said that she would meet with the Revenue HR (Ms. Varela), and no feedba

  - Noreen called for a meeting of 5th month evaluation on 6/6/18, I thought it was for a feedback per the proposed meeting of Ms. Robinson with Ms. Varela.
    - In subsequent meeting with Ms. Davis, Ms. Varela, and Kia Miller, Revenue HR made it known that the union vice president Denis Gibson was met with and a decision was made with his know on related matter. There was no prior feedback from neither the union, nor the management about how the handling of my case moved from Ms. Robinson to Mr. Gibson. No information at a

- Lastly, no employee should have been made to experience and endure negative things that I went through at Refund Unit; coming from a totally different, perpetrator of workplace violence and the rejection proces the management failed to provide. And I was still shown the way out, despite the fact that I gave my very best , even amidst numerous unpaid hours sacrificed to learn on my own and get the job done (even perfo

- While I personally let go the effect of the above-mentioned shortcomings of the management by coming back to WRB, I believe I deserve another chance, especially in a unit that I have been for almost 5years. Tr

Thanks a lot for reconsideration.

## CITY OF PHILADELPHIA
### PERFORMANCE REPORT FOR PERMANENT EMPLOYEES

DATE RECEIVED BY PERSONNEL DEPARTMENT

Name **Samuel Arzoye**
Payroll Number **245661**
Class Code **2A07**
Department Number **36-AA-07-01**
Civil Service Title **Accounting Supervisor**
Department Name **Revenue**
Due Date **02/18/18**
Type of Report **5th Month**

**COMMENTS TO EMPLOYEE**

Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or over-all ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. (Use additional sheets if more space is needed.)

Sam, your eagerness to learn all aspects of the refund work has been commendable. I have had some of your employees come to me with concerns on how work is distributed and some of your comments. I think areas for improvement are the interaction between you and your employees. I think supervisory classes as well as some technical writing classes would be beneficial.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. *A duplicate copy of this report is being forwarded to the Personnel Department*

**RATINGS ARE INDICATED BY "X" MARKS**

| PERFORMANCE FACTORS | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| 1. QUALITY OF WORK – Accuracy; precision; completeness; neatness. *(Quantity not considered.)* | ☐ | ☐ | ☐ | ☒ | ☐ |
| 2. QUANTITY OF WORK – Amount of work turned out. *(Quality not considered.)* | ☐ | ☐ | ☐ | ☒ | ☐ |
| 3. WORK HABITS – Organization of work; care of equipment; safety considerations; promptness; industry. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 4. RELATIONSHIP WITH PEOPLE – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5. INITIATIVE – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 6. DEPENDABILITY – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 7. ANALYTICAL ABILITY – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 8. ABILITY AS SUPERVISOR – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9. ADMINISTRATIVE ABILITY – Promptness of action; soundness of decision; application of good management principles. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10. FACTORS NOT LISTED ABOVE: *(Use additional sheets, if needed.)* | ☐ | ☐ | ☐ | ☐ | ☐ |
| **OVERALL RATING:** Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | ☐ | ☐ | ☐ | ☒ | ☐ |

☐ I recommend that you be granted permanent Civil Service status (To be checked only on Fifth month report)

SIGNATURE OF RATER
PAYROLL NUMBER **262616**
TITLE **Revenue Accounting Manager**
DATE **4/17/2018**

☐ I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER

IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER
Signature of Employee **Samuel O. Arzoye** Date **4/17/18**

AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON (DATE)

I CONCUR IN THE RATINGS GIVEN BY THE RATER. I HAVE MADE NO CHANGE IN THE REPORT
Signature Of Reviewing Officer Date **1/17/18**

---

## CITY OF PHILADELPHIA
### PERFORMANCE REPORT FOR PERMANENT EMPLOYEES

DATE RECEIVED BY PERSONNEL DEPARTMENT **5/17/18 M. Sgr**

Name **Samuel Arzoye**
Payroll Number **245661**
Class Code **2A07**
Department Number **36-AA-07-01**
Civil Service Title **Accounting Supervisor**
Department Name **Revenue**
Due Date **02/18/18**
Type of Report **2nd Month**

**COMMENTS TO EMPLOYEE**

Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or over-all ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. (Use additional sheets if more space is needed.)

Sam, your eagerness to learn all aspects of the refund work has been commendable. I have had some of your employees come to me with concerns on how work is distributed and some of your comments. I think areas for improvement are the interaction between you and your employees. I think supervisory classes as well as some technical writing classes would be beneficial.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. *A duplicate copy of this report is being forwarded to the Personnel Department*

**RATINGS ARE INDICATED BY "X" MARKS**

| PERFORMANCE FACTORS | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| 1. QUALITY OF WORK – Accuracy; precision; completeness; neatness. *(Quantity not considered.)* | ☐ | ☐ | ☐ | ☒ | ☐ |
| 2. QUANTITY OF WORK – Amount of work turned out. *(Quality not considered.)* | ☐ | ☐ | ☐ | ☒ | ☐ |
| 3. WORK HABITS – Organization of work; care of equipment; safety considerations; promptness; industry. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 4. RELATIONSHIP WITH PEOPLE – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5. INITIATIVE – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 6. DEPENDABILITY – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 7. ANALYTICAL ABILITY – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 8. ABILITY AS SUPERVISOR – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9. ADMINISTRATIVE ABILITY – Promptness of action; soundness of decision; application of good management principles. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10. FACTORS NOT LISTED ABOVE: *(Use additional sheets, if needed.)* | ☐ | ☐ | ☐ | ☐ | ☐ |
| **OVERALL RATING:** Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | ☐ | ☐ | ☐ | ☒ | ☐ |

☐ I recommend that you be granted permanent Civil Service status *(To be checked only on Fifth month report)*

| SIGNATURE OF RATER | PAYROLL NUMBER | TITLE | DATE |
|---|---|---|---|
| *Noreen A. Skirka* | 262616 | Revenue Accounting Manager | 4/17/2018 |

| | |
|---|---|
| ☐ I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER | IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER<br>Signature of Employee _____ 4/17/18 |
| AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON *(date)*<br>_____ | I CONCUR IN THE RATINGS GIVEN BY THE RATER. I HAVE MADE NO CHANGE IN THE REPORT<br>Signature Of Reviewing Officer _____ Date 4/17/18 |

CITY OF PHILADELPHIA
**PERFORMANCE REPORT FOR PERMANENT EMPLOYEES**

Name  Samuel Araoye
Payroll Number  245661
Class Code  2A07
Department Number 36-AA-07-01
Civil Service Title  Accounting Supervisor
Department Name  Revenue
Due Date 5/18/2018
Type of Report  5th Month

**COMMENTS TO EMPLOYEE**

Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or over-all ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. (Use additional sheets if more space is needed)

Sam, over the last several weeks, I, and others on the staff have tried to help you organize your work and prioritize based on departmental needs but I see that you do not follow my direction. It is imperative that you work on the oldest petitions that can earn interest first. You continue to assign income-based refunds which I have told you can wait. You are supposed to be working on inter-departmental refunds but revert back to credit notices. In addition, you cannot stay more than 4 hours overtime but you continue to do so. For these reasons, I am not recommending you for the permanent position.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. A duplicate copy of this report is being forwarded to the Personnel Department

**RATINGS ARE INDICATED BY "X" MARKS**

| PERFORMANCE FACTORS | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| 1 QUALITY OF WORK – Accuracy; precision; completeness; neatness. (Quantity not considered.) | ☒ | ☐ | ☐ | ☐ | ☐ |
| 2 QUANTITY OF WORK – Amount of work turned out. (Quality not considered.) | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3 WORK HABITS – Organization of work; care of equipment; safety considerations; promptness; industry. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4 RELATIONSHIP WITH PEOPLE – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5 INITIATIVE – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 6 DEPENDABILITY – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 7 ANALYTICAL ABILITY – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8 ABILITY AS SUPERVISOR – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 9 ADMINISTRATIVE ABILITY – Promptness of action; soundness of decision; application of good management principles. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10 FACTORS NOT LISTED ABOVE: (Use additional sheets, if needed.) | ☐ | ☐ | ☐ | ☐ | ☐ |

| | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| OVERALL RATING: Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | ☒ | ☐ | ☐ | ☐ | ☐ |

☐ I recommend that you be granted permanent Civil Service status (To be checked only on Fifth month report)

| SIGNATURE OF RATER | PAYROLL NUMBER | TITLE | | DATE |
|---|---|---|---|---|
| Noreen Skirkie | 282616 | Revenue Accounting Manager | | 5/23/2018 |

☐ I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER

IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER
Signature of Employee _____ Date _____

AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON (DATE)

I CONCUR IN THE RATINGS GIVEN BY THE RATER. I HAVE MADE NO CHANGE IN THE REPORT
Signature Of Reviewing Officer _____ Date 5/23/18

---

## samuel araoye

| | |
|---|---|
| **Subject:** | 5 month performance report |
| **Location:** | Noreen's office |
| **Start:** | Wed 6/6/2018 12:00 PM |
| **End:** | Wed 6/6/2018 1:00 PM |
| **Recurrence:** | (none) |
| **Meeting Status:** | Accepted |
| **Organizer:** | Noreen Skirkie |
| **Required Attendees:** | samuel araoye |

Sam,

Please come to meet with me at noon tomorrow.

Thank you,
Noreen



Reply  Reply All  Forward

Tue 1/9/2018 10:10 AM

**Stephanie.M.Gaines**

Refunds

To   Noreen Skirkie

Cc   **sam**uel araoye; Tom Wismer; Conchetta Harris; Timothy Otterson

All,

I wanted to address this face to face but due to scheduling conflicts we were not able to meet and I do not want to prolong what needs to be said.

This is the third email I am sending relinquishing myself from the refund unit. I have provided **Sam** with ample instructions on the duties of a refund supervisor. Prior to **Sam** arrival completed(pertaining to the work processed by the supervisor). I did not leave **Sam** with any backlog. This is more than what I had to do. Once it was decided that I will no longer l outstanding issues were transferred to **Sam**. Just as any outstanding issues involving Tonia were passed to me. I informed **Sam** of the ongoing issues(audit and ticket tracker) and h was not left in the dark.

The constant questions from **Sam** and the refund staff distract me from my daily routines as the agency supervisor. I am asking that this is addressed in an email. Any questions tha supervisors. Any questions that **Sam's** staff have, they must go to him. Also, **Sam** should not come to me with the instructions given to him by his supervisor in regards to refunds. I pertaining to refunds as it is no longer my responsibility.

I have contacted my union and I was informed it is not my duty to ensure **Sam** is **trained**. This has become a burden that I am tired of bearing. As stated, I have been more than hel want to solely focus on agency receivables, the unit I was assigned to.

Thank you.

Stephanie.M.Gaines@phila.gov
**City of Philadelphia**
**Agency Receivables Supervisor**
(215) 683-0612 (Office)
(215) 686-7871 (Fax)
1401 John F Kennedy Blvd. - P.S.C.
Philadelphia, PA 19102

This email may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and delete this e-mail immediately. Any unautho of material in this e-mail is strictly forbidden.

> From: Noreen Skirkie
> Sent: Wednesday, April 11, 2018 1:30:09 PM
> To: Stephanie.M.Gaines; samuel araoye
> Cc: Tom Wismer; Vincent Naccarato
> Subject: RE: Overtime
>
> No when you said you wanted to watch Sam crash and burn.
>
> Noreen A. Skirkie
> City of Philadelphia Department of Revenue
> Revenue Accounting Manager
> 215-686-6539

---

Samuel O. Araoye, MBA

City Of Philadelphia

Revenue – WRB (Water Revenue Bureau)

MSB Rm. 380

Telephone: 215-683-8712

https://www.phila.gov/services/water-gas-utilities/pay-or-dispute-a-water-bill/

**From:** Princess N Ray
**Sent:** Wednesday, December 5, 2018 11:05 AM
**To:** samuel araoye <samuel.araoye@Phila.gov>
**Subject:** Accounting Supervisor

Good Morning Mr. Araoye,

Please see the attached letter regarding the above position. The original was send to you in the mail.

Thank You Kindly,

**P-C. N. Ray**

Princess-Cencerae N. Ray, MBA., MHRM.

Assistant HR Manager/LMS Administrator

Hiring, Staffing, Training & Development Unit

1401 John F. Kennedy Blvd, RM-430

Philadelphia, PA 19102

**O-215.686.6638: F-215.686.3856**

**Email:** princess.n.ray@phila.gov

"I cried because I had no shoes, then I met a man with no feet."


CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE

Like us: **Facebook**    Follow us: **Twitter**

<u>Disclaimer:</u>

This email may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and delete the email immediately. Any unauthorized copying email is strictly forbidden.

---

**5 attachments**

📄 **EEOC Outcome.pdf**
39 KB

📄 **City's EEO Outcome - Page1.pdf**
41 KB

📄 **City's EEO Outcome - Pg.2.pdf**
20 KB

📊 **@ 03-24-18 Richard Pepe Weekly Production Report.xlsx**
26 KB

📊 **02-10-18 Richard Pepe Weekly Production Report.xlsx**
27 KB

NOT TO BE USED FOR
TION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH |
|---|---|
| ARAOYE, SAMUEL OLAKUNLE | ARMY/RA |

| 4.a GRADE, RATE OR RANK | 4 b. PAY GRADE | 5. DATE OF RANK (YYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| PV2 | E2 | | Year 2005 Month 05 Day 05 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| NEW YORK MEPS | 787 NORTH ASCAN ST. |
| BROOKLYN, NY 11252 | ELMONT, NY 11003 |

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b STATION WHERE SEPARATED |
|---|---|
| HHB 5/7 ADA, V CORPS E1 | TRANSITION CENTER, HANAU, APO AE 09165 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | None |
|---|---|---|
| USAR CTRLGP (REINF) ARPERCEN, 9700 PAGE BLVD, ST LOUIS, MO 63132 | Amount $ 200,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 1997 | 09 | 17 |
| 54B10 CHEM OP SP--00 YRS-06 MOS//NOTHING | b. Separation Date This Period | 1998 | 08 | 21 |
| FOLLOWS | c. Net Active Service This Period | 0000 | 11 | 05 |
| | d. Total Prior Active Service | 0000 | 00 | 00 |
| | e. Total Prior Inactive Service | 0000 | 00 | 00 |
| | f. Foreign Service | 0000 | 05 | 21 |
| | g. Sea Service | 0000 | 00 | 00 |
| | h. Effective Date of Pay Grade | 1998 | 03 | 17 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
|---|
| ARMY SERVICE RIBBON//NOTHING FOLLOWS |

| 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed) |
|---|
| CHEMICAL SPECIALIST CRS, 10 WEEKS, FEB 1998//NOTHING FOLLOWS |

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID |
|---|---|---|---|---|---|---|
| | | X | | X | | NONE |

| MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | X No |
|---|---|---|

| 18. REMARKS |
|---|
| DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OR COMPLIANCE FOR FEDERAL BENEFITS//MEMBER HAS NOT COMPLETED FIRST FULL TERM OF SERVICE//SUBJECT TO ACTIVE DUTY RECALL AND/OR ANNUAL SCREENING// BLOCK 6, PERIOD OF DEP--19970506 to 19970916//NOTHING FOLLOWS |

| 19.a MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| 787 N. ASCAN ST | ARAOYE OKUNOLA ABASS |
| ELMONT, NY 11003 | 2044B APT  SJRC |
| | ELKINS PARK, PA 19027 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO | NY | DIR. OF VET AFFAIRS | X Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | | | RICHARD T. LECHNIR, STS, TC MANAGER |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) |
|---|

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASE FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200, PARA 5-18 | LFV | 3 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| PHYSICAL CONDITION, NOT A DISABILITY |

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| NONE | Yes X Initials |

DO Form 214, NOV 88          Previous editions are obsolete.          **MEMBER - 4**

| REJECTION NOTICE DURING PROBATIONARY PERIOD *(Prepare in Triplicate)* | CITY OF PHILADELPHIA PERSONNEL DEPARTMENT |
|---|---|

**NAME OF PROBATIONER**
Samuel Araoye, PR# 245661

**ADDRESS**
4842 Summerdale Ave., Philadelphia, PA 19124

**CLASSIFICATION OF POSITION**
Accounting Supervisor

2018 APR 28   A  1: 15

**DIVISION AND/OR DEPARTMENT**
Enforcement – Accounting Control (36-AA-07-01)

| EFFECTIVE DATE OF REJECTION June 6, 2018   June 16, 2018  GEM 6-13-18 | DATE OF LAST DAY OF PROBATIONARY PERIOD June 17, 2018 |
|---|---|

**TO THE PROBATIONER ABOVE - NAMED:**

You are hereby notified that you have been rejected from further employment from the position above described, effective at the close of work on the date of rejection above indicated, which is not later than the last day of your probationary period in that position. The Philadelphia Home Rule Charter and the Civil Service Regulations do not permit an appeal from this action to the Civil Service Commission. If you had permanent civil service status in another class immediately prior to your being appointed to this position, you may have a right to that position.

The specific reasons for your rejection from the above position are as follows:

Sam, you received your second month evaluation on April 17, 2018; which had the overall rating of superior. The only aspect of concern was your interaction with some of your subordinates. To date this matter is resolved.

The Refund Unit is very complex due to the various refunds we process, each requiring a different process tactic. For this reason, the Refund Supervisor needs to have and maintain excellent organization skills, and the ability to prioritize work based on departmental needs. Specifically, the supervisor must assign the oldest refund petition first. All petition requests must be processed within 60 days and refund requests by returns must be processed in 75 days. If they are not processed timely, they will accumulate interest. In addition, we have inter-departmental refunds, credit notices, and income-based refunds which do not have the potential for interest.

Over the last three months, it became apparent petitions were missing. As the supervisor, you sent out a unit email to all refund personnel, as well as employees working in refund for overtime. You informed them to look through their desk and make sure they did not have any of the missing work. In April, I held a unit meeting and implemented a new tracking method to track work more efficiently. After the meeting I observed your cubicle in disarray and instructed you to organize your work and look for refund petitions you were not working on, and properly delegate them for processing according to the new implemented process.

During the last week of April, it became apparent you were unable to organize the work in your cubicle. This resulted in me assigning a Service Representative to assist you with organizing your work. You were instructed to load boxes with the paperwork in your cubicle. The Service Representative took the boxes and organized the work pending processing and filed the complete work. Once they organized the documents they were returned to you for processing.

During the week of May 7th, you told me you assigned the box of unprocessed petitions to one of your accountants to track and complete as he tracked them. Again, I informed you that accountants are not to be tracking petitions and oldest petitions are to be processed first. A few days later, I observed you tracking petitions. I took the box from you and assigned it to a Revenue Collection Rep to track. I asked you for any tracked refund petitions and instructed you to complete the inter-departmental refunds.

On May 21, 2018, when you and I met to go over the work flow, you informed me you instructed a service representative to calculate income-based petitions. Again, I reminded you these were not a priority at the time.

On May 22, 2018, I came by your cubicle to discuss some issues with you and your cubicle was in disarray yet again. When asked about the piles of paperwork, you stated you thought you should work on credit notes. These are untracked and can easily be processed at another time. I previously, instructed you to work on the inter-departmental refunds and

3



# CITY OF PHILADELPHIA

**Department of Revenue**
Human Resources Unit
Municipal Services Bldg.
*Phone: 215.686.6638*
*Fax:   215.686.3856*

December 5, 2018

Mr. Samuel Araoye
4842 Summerdale Avenue
Philadelphia, PA 19124

Dear Mr. Araoye:

Your name was provided to the Department of Revenue from the list of eligible candidates for Accounting Supervisor. Human Resources routinely checks the history of performance of promotional candidates. Our review of your performance indicates the following:

**Rejection During Probationary Period**
**Less Than Satisfactory Performance Evaluations**

After reviewing your performance evaluations and the rejection notice during probationary period and pursuant to **Civil Service Regulation 10.0933**, this letter is to notify you of the Department of Revenue's intent to request that your name be removed from the Department Certification for the **Accounting Supervisor** position

You have **five (5)** business days from the date of this letter, to contest your removal from the department certification in writing. You must provide us with information that you believe renders this decision erroneous and/or inappropriate. Please submit your response via email to **princess.n.ray@phila.gov** or by postal mail to:

> **Department of Revenue**
> **Princess-Cencerae N. Ray**
> **Assist. HR Manager/LMS Administrator**
> **Human Resources Office**
> **1401 JFK Blvd. - Suite 430**
> **Philadelphia, Pa 19102**

Your response must be received by **Wednesday, December 12, 2018.** If you fail to respond, we will proceed in requesting your name be removed from the department certification from the Office of Human Resources.

Sincerely,

Princess-Cencerae N. Ray, M.B.A., M.H.R.M.
Assistant HR Manager/LMS Administrator
Department of Revenue, HR Office
Hiring, Staffing, Training & Development Unit


## ADDITIONAL CRISIS RESOURCES:

**CRISIS**
Friends Hospital: 215-831-2600
24 hour suicide/crisis hotline number: 215-686-4420
**DOMESTIC VIOLENCE**
Women Against Abuse Hotline: 866-723-3014
**RAPE**
Women Organized Against Rape: 215-985-3333
**HIV**
Case Management (Uniform Access): 800-929-5602
Free Care: 215-790-1788 - Jonathon Lak Center at 1233 Locust St.
**HOMELESSNESS**
Outreach Hotline: 215-232-1984
Men: 215-236-0909, x321 – 1360 Ridge Avenue
Women: 215-686-7150; 1460 Cherry St.; Phila., Pa. 19102 (8a – 4p); 1320 Arch St. (after 4p)
Homeless healthcare: 215-732-1163 – Mary Howard Center at 125 S. 9th St.
Drop-in Center, Northeast Resource Center, 6801 Frankford Ave.: 215-624-6163
Philadelphia Housing Authority: 215-664-4000
**OLDER ADULT**
Elder Services Helpline / Philadelphia Corporation for the Aging: 215-765-9040
Alzheimer's Education and Referrals: 800-438-4380
Long Term Care Ombudsman: 215-545-5724
**SUBSTANCE ABUSE**
NA: 215-629-6757 or 215- NA WORKS
AA: 215-923-7900

**CHILDREN**
DHS: 215-683-4347
Hotline to report suspected abuse: 215-683-6100
Information and Referral: 215-683-6120
Youth Crisis Line: 800-371-7233
**CITY DEPARTMENTS**
Social Services Helpline (CBH): 888-545-2600
Department of Public Welfare: 800-692-7462
Office of Mental Health: 215-685-5400
Office of Mental Retardation: 215-685-5900
**OTHER**
Community Legal Services: 215-981-3700
Social Security: 800-772-1213
Mental Health Association: 215-751-1800
Friends Connection: 215-599-4011
Case Management services: 215-599-2150
Compeer: 215-685-6570
Del. County Office of Mental Health: 888-207-2911
Bucks County OMH: 800-499-7455
Montgomery County OMH: 610-279-6100
Chester County OMH: 610-918-2100
Lehigh County OMH: 610-782-3127
Northampton County OMH: 610-252-9060

## Recovery Centered Resources:

**The National Association of Mental illness (NAMI)** is an advocacy and support group dedicated to those on the journey to recovery. They are located at 520 N. Delaware Ave. 7th Flr. Philadelphia, PA and can be reached at 267-687-4381

**The Philadelphia Recovery Community Center** provides peer support and wellness groups and are located at 1701 W Lehigh Ave Philadelphia, PA and can be reached at 215-223-7700
Information packets will be provided with this form for these organizations
1-800—SUICIDE (784-2433)

### Philadelphia Local District Health Centers

| | | |
|---|---|---|
| #1  1400 Lombard St. at 215- 685-6570 | #4  4400 Haverford Ave. at 215-685-7600 | #9  131 E. Chelten Ave. at 215-685-5700 |
| #2  1720 S. Broad St. at215-681-1800 | #5  1900 N. 20th St. at 215-685-2930 | #10  2230 Cottman Ave. at 215-685-0639 |
| #3  555 S. 43rd St. at 215-685-7501 | #6  321 W. Girard Avenue  215-685-3803 | #SM  2800 W. Dauphin St. at 215-685-2400 |

## An Important Note from the Medical Director of Friends

Thank you for deciding to begin your recovery here at Friends. We have made every effort to assist you in this process during your stay. This may include the medications to manage both the physical and psychiatric symptoms that you are being discharged on today. I would like you to be aware that many of these can potentially cause sedation.

Since risk of relapse is highest in the earlier phases of recovery, please realize that street drugs or alcohol combined with these medications could produce over sedation, coma, or even death. Further, because of your period of sobriety while in treatment here, your tolerance for the drugs or alcohol you have used in the past will be lessened. This means that going back to the usual amount of usage could result in a fatal overdose even if you don't take the medications we have prescribed for you. While I hope you never need to make use of this information I felt it was important to provide this education nonetheless.

If you have any questions, please do not hesitate to ask physicians, nurses, case coordinators, therapists or a member of your treatment team at Friends Hospital.

### SECTION VII: Acknowledgements

A.  I have read and understood the information provided

X  S.D.
Patient Initials

B.  I have signed and have been given a copy of 'My Wellness Recovery Plan'

X  S.D.
Patient Initials

C.  I have received my American Association of Suicidology Information Packet

X  S.D.
Patient Initials

| Clinician Signature | Date: 2/8/19 | Time: |
|---|---|---|
| Individual Signature | Date: 2/8/19 | Time: |

Original (White) to Client    Copy (Yellow) to Chart

**FRIENDS** HOSPITAL

**CRC**
**Wellness and Recovery**
**DISCHARGE PLAN**

ARAOYE, SAMUEL O
MR# 000145764  09/20/1976
8061485-0016 02/08/2019
M. PATNAIK MD  M  OPN

**Referral** (appointment date/time to be provided during business hours w~~in~~ ~~~~~~~~,~~

| | | |
|---|---|---|
| Agency: Life Counseling | Phone Number: (610) 644-6464 | Date: 2/8/19  Time: 12:11 |
| Address: 1420 Walnut St, Ste 500, Philadelphia, PA 19107 | | Contact: Intake |
| Special Instructions: List of private psychotherapists attached. | | |

Bring all identification including insurance card or medical assistance checklist/eligibility form to appointment.

## My Wellness and Recovery Plan

This is my Wellness and Recovery Plan, developed by me and my supports (if I so choose), and is intended to assist me in my personal journey toward recovery. Recovery continues after leaving the CRC and includes planning ahead for potential triggers, challenges, and solutions. I will further develop this plan with the support of my outpatient provider and other mental health professionals.

### My "triggers" and "stressors" – Behaviors, situations, and circumstances that put you at emotional risk for crisis

| PEOPLE | PLACES | THINGS |
|---|---|---|
| | | |
| | | |

### My "self-care" choices to manage emotions related to triggers and positive coping skills

☐ Attend support group
☐ Attend AA/NA meeting
☐ Call therapist
☐ Call friend/family
☐ Pray/worship

☐ Journal
☐ Music
☐ Reading
☐ Warm Beverage
☐ Exercise

☐ Meditation/ Nap
☐ Breathing exercises
☐ Craft/Art
☐ Take shower/bath
☐ Other:_____

### My Personal Coping Skills

| What I can do to be calm and stay safe IN THE MOMENT: | What can my support person do to help me? : |
|---|---|
| | |

| | | |
|---|---|---|
| Individual Signature: *Samuel O. Araoye* | Date: 2/8/19 | Time: 12:30 |
| Supports Signature/ Relationship (If Supports are present): | Date: | Time: |
| Clinician/ Peer Support Specialist Signature: | Date: 2/8/19 | Time: 12:30 |

**Safety Plan:** If you are in crisis, feeling unstable, suicidal or homicidal, please go to the nearest Emergency Room, Crisis Response Center or call 911 immediately. Additional supportive resources that you can use are listed below:

Friends Hospital: (215) 831-4600    Friends Hospital Admission Center: (215) 831-2600
Suicide Hotline: (215) 686-4420    Office of Mental Health/City-wide Mobile Team: (215) 685-6440

**Original (White) to Client    Copy (Yellow) to Chart**

| | |
|---|---|
| **From:** | Princess N Ray |
| **Sent:** | Wednesday, December 12, 2018 1:29 PM |
| **To:** | samuel araoye |
| **Subject:** | Removal from Departmental Certification: Accounting Supervisor |

Dear Mr. Araoye:

Your name appears on the list for Accounting Supervisor (2A07-20180827-PR-00) and was certified to the Department of Revenue in consideration vacancy in that class.

As you were advised in our communication of 12/5/18, a request that your name be removed from the Department of Revenue's certification for the Accounting Supervisor vacancy was made to the Office of Human Resources. This request was based on Civil Service Regulation 10.0933, which states "…upon the written request of an appointing authority, the Director may, at his or her discretion, remove the name of an eligible from an eligible list for…(p)revious work performance in either public or private employment found to have been unsatisfactory as to efficiency, delinquency or conduct". Documentation supporting the Department's request, as well as a copy of your response, was provided to the Office of Human Resources for consideration.

I am writing to inform you that the request that your name be removed from the Department of Revenue's certification has been approved and your name was returned to the Accounting Supervisor eligible list.

Warm Regards,

*P.C. N. Ray*

Princess-Cencerae N. Ray, MBA., MHRM.

Assistant HR Manager/LMS Administrator

Hiring, Staffing, Training & Development Unit

1401 John F. Kennedy Blvd, RM-430

Philadelphia, PA 19102

# REJECTION NOTICE DURING PROBATIONARY PERIOD
*(Prepare in Triplicate)*

**CITY OF PHILADELPHIA**
**PERSONNEL DEPARTMENT**

**NAME OF PROBATIONER**
Samuel Araoye, PR# 245661

**ADDRESS**
4842 Summerdale Ave., Philadelphia, PA 19124

**CLASSIFICATION OF POSITION**
Accounting Supervisor

**DIVISION AND/OR DEPARTMENT**
Enforcement – Accounting Control (36-AA-07-01)

**EFFECTIVE DATE OF REJECTION**
June 6, 2018

**DATE OF LAST DAY OF PROBATIONARY PERIOD**
June 17, 2018

**TO THE PROBATIONER ABOVE - NAMED:**

You are hereby notified that you have been rejected from further employment from the position above described, effective at the close of work on the date of rejection above indicated, which is not later than the last day of your probationary period in that position. The Philadelphia Home Rule Charter and the Civil Service Regulations do not permit an appeal from this action to the Civil Service Commission. If you had permanent civil service status in another class immediately prior to your being appointed to this position, you may have a right to that position.

The specific reasons for your rejection from the above position are as follows:

Sam, you received your second month evaluation on April 17, 2018; which had the overall rating of satisfactory. The only aspect of concern was your interaction with some of your subordinates. To date this matter is resolved.

The Refund Unit is very complex due to the various refunds we process, each requiring a different process tactic. For this reason, the Refund Supervisor needs to have and maintain excellent organization skills, and the ability to prioritize work based on departmental needs. Specifically, the supervisor must assign the oldest refund petition first. All petition requests must be processed within 60 days and refund requests by returns must be processed in 75 days. If they are not processed timely, they will accumulate interest. In addition, we have inter-departmental refunds, credit notices, and income-based refunds which do not have the potential for interest.

Over the last three months, it became apparent petitions were missing. As the supervisor, you sent out a unit email to all refund personnel, as well as employees working in refund for overtime. You informed them to look through their desk and make sure they did not have any of the missing work. In April, I held a unit meeting and implemented a new tracking method to track work more efficiently. After the meeting I observed your cubicle in disarray and instructed you to organize your work and look for refund petitions you were not working on, and properly delegate them for processing according to the new implemented process.

During the last week of April, it became apparent you were unable to organize the work in your cubicle. This resulted in me assigning a Service Representative to assist you with organizing your work. You were instructed to load boxes with the paperwork in your cubicle. The Service Representative took the boxes and organized the work pending processing and filed the complete work. Once they organized the documents they were returned to you for processing.

During the week of May 7th, you told me you assigned the box of unprocessed petitions to one of your accountants to track and complete as he tracked them. Again, I informed you that accountants are not to be tracking petitions and oldest petitions are to be processed first. A few days later, I took the box from you and assigned it to a Revenue Collection Rep to track. I asked you for any tracked refund petitions and instructed you to complete the inter-departmental refunds.

On May 21, 2018, when you and I met to go over the work flow, you informed me you instructed a service representative to calculate income-based petitions. Again, I reminded you these were not a priority at the time.

On May 22, 2018, I came by your cubicle to discuss some issues with you and your cubicle was in disarray yet again. When asked about the piles of paperwork, you stated you thought you should work on credit notes. These are untracked and can easily be processed at another time. I previously, instructed you to work on the inter-departmental refunds and



**Samuel O. Araoye**
**Member ID: 9671905**
Member Since: December 31, 2015

▼ MEMBERSHIP CARD

*Even amidst inadequate operational training, Noreen had issue with my administrative training (below); 7 days after this email, She wrote bad evaluative*

samuel araoye

NS | Noreen Skirkie
Wed 5/16/2018 3:21 PM

No, that's ok but three in a row when we are so busy is too much!

This email may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and delete this e-mail immediately. Any unauthorized copying, disclosure or distribution of material in this e-mail is strictly forbidden.

Noreen A. Skirkie
City of Philadelphia Department of Revenue
Revenue Accounting Manager
215-686-6539

**From:** samuel araoye
**Sent:** Wednesday, May 16, 2018 3:18 PM
**To:** Noreen Skirkie <Noreen.Skirkie@phila.gov>
**Subject:** RE: Work Procedures, Work-Time, and Timesheet

Got it Noreen:

Another one is scheduled for 5/23/18. Please let me know if okay, or if I should ask Ms. Princess to reschedule.

Thanks.

**From:** Noreen Skirkie
**Sent:** Wednesday, May 16, 2018 2:39 PM
**To:** samuel araoye <samuel.araoye@Phila.gov>
**Subject:** RE: Work Procedures, Work-Time, and Timesheet

I will send new invite. In the future, do not accept this many training sessions in a row. Let me know.

Noreen A. Skirkie
City of Philadelphia Department of Revenue
Revenue Accounting Manager
215-686-6539

This email may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and delete this e-mail immediately. Any unauthorized copying, disclosure or distribution of material in this e-mail is strictly forbidden.

Reply | Reply All | Forward

NS

Wed 5/16/2018 3:21 PM

Noreen Skirkie

RE: Work Procedures, Work-Time, and Timesheet

To    samuel araoye

*[handwritten:]* Evidence that Noreen did not want me to succeed; a week after this email, she involved my office while I was at a training that she was aware of, and even wrote a bad on the same day; evaluation on me, violating civil service regulations that do not allow two evaluations within 90-day window. I already received/earned Superior Rating on 4/17/18-

I will send new invite. In the future, do not accept this many training sessions in a row. Let me know.

Noreen A. Skirkie
City of Philadelphia Department of Revenue
Revenue Accounting Manager
215-686-6539

This email may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender and delete this e-mail immediately. Any unauthorized copying, disclosure or distribution of material in this e-mail is strictly forbidden.

-----Original Appointment-----
**From:** samuel araoye
**Sent:** Wednesday, May 16, 2018 2:11 PM
**To:** Noreen Skirkie
**Subject:** New Time Proposed: Work Procedures, Work-Time, and Timesheet
**When:** Thursday, May 17, 2018 11:00 AM-11:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Noreen's office

Hi Noreen;

I have another training tomorrow from 9am to 1pm; please let me know if 1:30pm is okay.

Thanks a lot.

# CITY OF PHILADELPHIA
## PERFORMANCE REPORT FOR PERMANENT EMPLOYEES

DATE RECEIVED BY PERSONNEL DEPARTMENT  5/17/18  M. Spin

Name  Samuel Aroye
Payroll Number  245661
Class Code  2A07
Department Number  35-AA-07-01
Civil Service Title  Accounting Supervisor
Department Name  Revenue
Due Date  02/18/18   Type of Report  2nd Month

### COMMENTS TO EMPLOYEE

Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or over-all ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. (Use additional sheets if more space is needed.)

Sam, your eagerness to learn all aspects of the refund work has been commendable. I have had some of your employees come to me with concerns on how work is distributed and some of your comments. I think areas for improvement and the interaction between you and your employees. I think supervisory classes as well as some technical writing classes would be beneficial.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. _A duplicate copy of this report is being forwarded to the Personnel Department_

| PERFORMANCE FACTORS | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| 1. **QUALITY OF WORK** – Accuracy; precision; completeness; neatness. (Quantity not considered.) | ☐ | ☐ | ☐ | ☒ | ☐ |
| 2. **QUANTITY OF WORK** – Amount of work turned out. (Quality not considered.) | ☐ | ☐ | ☐ | ☒ | ☐ |
| 3. **WORK HABITS** – Organization of work; care of equipment; safety considerations; promptness; industry. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 4. **RELATIONSHIP WITH PEOPLE** – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5. **INITIATIVE** – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 6. **DEPENDABILITY** – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 7. **ANALYTICAL ABILITY** – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 8. **ABILITY AS SUPERVISOR** – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9. **ADMINISTRATIVE ABILITY** – Promptness of action; soundness of decision; application of good management principles. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10. **FACTORS NOT LISTED ABOVE:** (Use additional sheets, if needed.) | ☐ | ☐ | ☐ | ☐ | ☐ |
| **OVERALL RATING:** Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | ☐ | ☐ | ☐ | ☒ | ☐ |

**RATINGS ARE INDICATED BY "X" MARKS**

☐ I recommend that you be granted permanent Civil Service status (To be checked only on Fifth month report)

PAYROLL NUMBER  262816

SIGNATURE OF RATER  _Marcus Clarke_     DATE  4/17/2018

☐ I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER

TITLE  Revenue Accounting Manager

IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER
Signature of Employee     Date  4/17/8

I CONCUR IN THE RATINGS GIVEN BY THE RATER  I HAVE MADE NO CHANGE IN THE REPORT
Signature of Reviewing Officer     Date  4/17/18

☐ AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON (DATE)

### Handwritten margin notes (left side):

I found out about this on 12/5/18 when I checked my employee folder at revenue HR, following an email from the Revenue HR, in which I was informed that a "2nd month" evaluation and a rejection notice is being used to remove my name from another exam's interview list.

### Handwritten margin notes (right side):

without my knowledge — Revenue + HR Falsified evaluation

by changing type of report from 5th month to 2nd month.

My first day was 12/18/17.

Civil Service regulation requires 2nd month evaluation, and if not given within 10 days of the due date, an employee is deemed satisfactory. Neither Revenue, nor Revenue HR notified me of this manipulation.

Reply   Reply All   Forward

Tue 1/9/2018 10:10 AM

Stephanie.M.Gaines

Refunds

To    Noreen Starkie

Cc    samuel.arabyer; Tom Wismer; Conchetta Harris; Timothy Otterson

All,

I wanted to address this face to face but due to scheduling conflicts we were not able to meet and I do not want to prolong what needs to be said.

This is the third email I am sending relinquishing myself from the refund unit. I have provided Sam with ample instructions on the duties of a refund supervisor. Prior to Sam arrivals, anything outstanding was completed(pertaining to the work processed by the supervisor). I did not leave Sam with any backlog. This is more than what I had to do. Once it was decided that I will no longer be a part of the refund unit any and all outstanding issues were transferred to Sam. Just as any outstanding issues involving Tonia were passed to me. I informed Sam of the ongoing issues(audit and ticket tracker) and how they are handled. By doing this he was not left in the dark.

The constant questions from Sam and the refund staff distract me from my daily routines as the agency supervisor. I am asking that this is addressed in an email. Any questions that Sam has, he should contact his supervisors. Any questions that Sam's staff have, they must go to him. Also, Sam should not come to me with the instructions given to him by his supervisor in regards to refunds. I do not need to know anything pertaining to refunds as it is no longer my responsibility.

I have contacted my union and I was informed it is not my duty to ensure Sam is trained. This has become a burden that I am tired of bearing. As stated, I have been more than helpful with his transition. I am done now. I want to solely focus on agency receivables, the unit I was assigned to.

Thank you.

**Stephanie M Gaines@phila.gov**
**City of Philadelphia**
**Agency Receivables Supervisor**
(215) 683-0612 (Office)
(215) 686-7871 (Fax)
1401 John F Kennedy Blvd. - P.S.C.
Philadelphia, PA 19102

This email may contain confidential and/or privileged information.  If you are not the intended recipient, please notify the sender and delete this e-mail immediately.  Any unauthorized copying, disclosure or distribution of material in this e-mail is strictly forbidden.

Noreen's deceit
did not allow me
to get enough union
representation.

Here is the deceptive memo that Noreen used to
bamboozle me into a rejection meeting.
As of 6/6/18, I already put in more than 6 months
of work hours (regular and overtime).

The Civil service regulation
in the City of Philadelphia
does not state that
probationary period
Shall be by calendar
month.

In the case of State
of Pennsylvania's Civil
service, it is clearly
stated that theirs is
by calendar months
(or PA Civil Service
regulation). The City of
Philadelphia does not
by such in its Civil Service
regulation.

---

**samuel araoye**

**Subject:** 5 month performance report
**Location:** Noreen's office

**Start:** Wed 6/6/2018 12:00 PM
**End:** Wed 6/6/2018 1:00 PM

**Recurrence:** (none)

**Meeting Status:** Accepted

**Organizer:** Noreen Skirkie
**Required Attendees:** samuel araoye

Sam,

Please come to meet with me at noon tomorrow.

Thank you,
Noreen

# CITY OF PHILADELPHIA
## PERFORMANCE REPORT FOR PERMANENT EMPLOYEES

DATE RECEIVED BY PERSONNEL DEPARTMENT

Name: Samuel Anoye
Payroll Number: 245661
Class Code: 2A07
Department Number: 36-AA-07-01
Civil Service Title: Accounting Supervisor
Department Name: Revenue
Due Date 02/18/18   5th Month
Type of Report

**COMMENTS TO EMPLOYEE**

Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or overall ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. (Use additional sheets if more space is needed.)

Sam, your eagerness to learn all aspects of the refund work has been commendable. I have had some of your employees come to me with concerns on how work is distributed and some of your comments. I think supervisory classes as well as some technical improvement are the interaction between you and your employees. I think supervisory classes would be beneficial.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. A duplicate copy of this report is being forwarded to the Personnel Department.

RATINGS ARE INDICATED BY "X" MARKS

| PERFORMANCE FACTORS | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| 1. QUALITY OF WORK – Accuracy; precision; completeness; neatness. (Quantity not considered.) | ☐ | ☐ | ☐ | ☒ | ☐ |
| 2. QUANTITY OF WORK – Amount of work turned out. (Quality not considered.) | ☐ | ☐ | ☐ | ☒ | ☐ |
| 3. WORK HABITS – Organization of work; care of equipment; safety considerations; promptness; industry. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 4. RELATIONSHIP WITH PEOPLE – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5. INITIATIVE – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 6. DEPENDABILITY – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 7. ANALYTICAL ABILITY – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☐ | ☐ | ☐ | ☒ | ☐ |
| 8. ABILITY AS SUPERVISOR – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9. ADMINISTRATIVE ABILITY – Promptness of action; soundness of decision; application of good management principles. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10. FACTORS NOT LISTED ABOVE: (Use additional sheets, if needed.) | ☐ | ☐ | ☐ | ☐ | ☐ |

| OVERALL RATING: Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY | SUPERIOR | OUTSTANDING |
|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☒ | ☐ |

☐ I recommend that you be granted permanent Civil Service status (To be checked only on Fifth month report)

| SIGNATURE OF RATER | TITLE | DATE |
|---|---|---|
| *[signature]* | Revenue Accounting Manager | 4/17/2018 |

☐ I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER

PAYROLL NUMBER: 262816

IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER

Signature of Employee *[signature]* C. Anoye  Date 4/7/18

AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON (DATE)

I CONCUR IN THE RATINGS GIVEN BY THE RATER. I HAVE MADE NO CHANGE IN THE REPORT.

Signature Of Reviewing Officer *[signature]*  Date 4/7/18

---

*[Handwritten notes in right margin:]*

This is the authentic 5th month evaluation received on 4/17/18; as of this day (4/17/18), I had already put in work hours more than 5 months. And by 6/6/18 when I was bamboozled out of office, I had completed more than 6 months of work hours. Civil service regulation does not state that Probationary period should be calendar months.

Noreen was aware of this threat from Stephanie, and did nothing to avert the adverse effect on myself and my job, and the unit as a whole.

From: Noreen Skirkie
Sent: Wednesday, April 11, 2018 1:30:09 PM
To: Stephanie.M.Gaines; samuel araoye
Cc: Tom Wismer; Vincent Naccarato
Subject: RE: Overtime

No when you said you wanted to watch Sam crash and burn.

Noreen A. Skirkie
City of Philadelphia Department of Revenue
Revenue Accounting Manager
215-686-6539

DATE RECEIVED BY PERSONNEL DEPARTMENT

# CITY OF PHILADELPHIA
## PERFORMANCE REPORT FOR PERMANENT EMPLOYEES

Name    Samuel Arayce
Payroll Number    245661
Class Code    2A07
Department Number 36-AA-07-01
Civil Service Title    Accounting Supervisor
Department Name    Revenue
Due Date 5/18/2018
Type of Report    5th Month

**COMMENTS TO EMPLOYEE**
Supervisor should include examples of work especially well done and suggestions as to how work performance can be improved; factor ratings of Unacceptable or overall ratings of Outstanding, Superior, Improvement Needed, or Unacceptable must be substantiated. *(Use additional sheets if more space is needed.)*

Sam, over the last several weeks, I and others on the staff have tried to help you organize your work and prioritize based on departmental needs but I see that you do not follow my direction. It is imperative that you work on the oldest petitions that can can interest first. You continue to assign income-based refunds but revert back to credit notices. In addition, you cannot stay more supposed to be working on inter-departmental refunds which I have told you can wait. You are than 4 hours overtime but you continue to do so. For these reasons, I am not recommending you for the permanent position.

For your information I have summarized my best judgement of how well you have performed the duties of your position during the period covered since your last report. *A duplicate copy of this report is being forwarded to the Personnel Department.*

| PERFORMANCE FACTORS | RATINGS ARE INDICATED BY "X" MARKS | | | | | |
|---|---|---|---|---|---|---|
| | UNACCEPTABLE | IMPROVEMENT NEEDED | SATISFACTORY GOOD | SATISFACTORY | SUPERIOR | OUTSTANDING |
| 1. QUALITY OF WORK – Accuracy; precision; completeness; neatness. *(Quantity not considered.)* | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 2. QUANTITY OF WORK – Amount of work turned out. *(Quality not considered.)* | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 3. WORK HABITS – Organization of work; care of equipment; safety considerations; promptness; industry. | ☐ | ☐ | | ☒ | ☐ | ☐ |
| 4. RELATIONSHIP WITH PEOPLE – Ability to get along with others; effectiveness in dealing with the public, other employees, patients or inmates. | ☐ | ☒ | | ☐ | ☐ | ☐ |
| 5. INITIATIVE – Self reliance; resourcefulness; willingness and ability to accept and carry out responsibility. | ☐ | ☐ | | ☒ | ☐ | ☐ |
| 6. DEPENDABILITY – Degree to which employee can be relied upon to work and to meet deadlines without close supervision. | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 7. ANALYTICAL ABILITY – Thoroughness and accuracy of analysis of data, facts, laws and rules. | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 8. ABILITY AS SUPERVISOR – Proficiency in training employees, in planning, organizing, laying out and getting out work; leadership. | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 9. ADMINISTRATIVE ABILITY – Promptness of action; soundness of decision; application of good management principles. | ☒ | ☐ | | ☐ | ☐ | ☐ |
| 10. FACTORS NOT LISTED ABOVE: *(Use additional sheets, if needed.)* | ☐ | ☐ | | ☐ | ☐ | ☐ |
| 11. OVERALL RATING: Must be consistent with the factor ratings, but there is no prescribed formula for computing the overall rating. | ☒ | ☐ | | ☐ | ☐ | ☐ |

☐ I recommend that you be granted permanent Civil Service status *(To be checked only on Fifth month report)*

| SIGNATURE OF RATER | PAYROLL NUMBER | DATE |
|---|---|---|
| [signature] | 250616 | Revenue Accounting Manager 5/23/2018 |

I WOULD LIKE TO DISCUSS THIS REPORT WITH THE REVIEWING OFFICER

IN SIGNING THIS REPORT I DO NOT NECESSARILY AGREE WITH THE CONCLUSIONS OF THE RATER
Signature of Employee _____ Date _____

AS REQUESTED REVIEWING OFFICER DISCUSSED REPORT WITH EMPLOYEE ON (DATE) _____

I CONCUR IN THE RATINGS GIVEN BY THE RATER. I HAVE MADE NO CHANGE IN THE REPORT
Signature Of Reviewing Officer [signature]    Date 5/23/18

---

*Handwritten margin notes (right side):*

This is no longer in my employee file (or probably hidden to obstruct justice).

This bad evaluation violate Civil service regulation (no the evaluation allowed within 90-day window.

And it is a collussion between Noreen and Revenue-HR with is a clear retaliation for reporting a safety/security situation to the HR on 5/18/18 which is few days before this bad evaluation (5/23/18). And indeed 5 month evaluation must have been registered at Revenue - HR. And indeed 6 days after the authentic 5th month evaluation must have been registered at Revenue - HR.



## Employment Discrimination @ City of Philadelphia
1 message

**SAM ARAOYE** <afroxylin7@gmail.com>                                                                                                 Mon, Jun 11, 2018 at 1:27 PM
To: PDOContact <PDOContact@eeoc.gov>

Between 12/18/17 thru 4/17/18, I have put in an average of 60hours per week, totaling more than 7months altogether regular and coverted overtime hours, but my employer rejected me on probation, despite the fact tge regulations states that an employee is clearly successful after 6month probation, if there's no rejection. The rejection given was dated 6/6/18. The rejection was not even served to me per regulation; it was handed to my shop steward, who then informed me about it. There's a clear definition of how the rejection should be served. And I was even walked out of my office before the effective time per the purported rejection notice.
City of Philadelphia (Revenue, Controller, and Finance Departments) discriminated against me during hiring process by not hiring me per departmental policy to hire veteran if a non-veteran is interviewed along with a veteran. And even refusing to interview me when I showed up for another interview for another job (both @Finance Dept). Controller's office discriminated against me by forcing me out of an eligible list with the wrong notion that I am not a CPA candidate; whereas, I have been a CPA since 2015. Same Controller's office meddled with my hiring process another department for the position of Tax Conferee, in which I was illegally placed on conference call without disclosure from neither the OHR that appeared to be the only one in the conversation, nor the Controller's office, whose caller ID showed on the phone screen. Additionally, I was not given adequate training (barely 2weeks) to carry out my job when hired on probation for the position of an Accounting Supervisor @Refund unit. But my employer rejected me on probation without following due process per civil service regulations, even amidst discrimination in a complex (per type of work operations), hostile, abusive, and degrading work environment (even during peak periods of tax season when workloads were skyrocketing). Tom Wismer said I'm terrible several times during a meeting with my union President, he also referred to me as adversary to the unit (among other abusive words noted by my union President)..., Noreen has problem with HR's administrative training schedule and even tried twice to make it look I attended training thrice in consecutive days. She invaded my office and violated my privacy while I was in training in her search to use anything to use against me for rejection. Stephanie Gaines created hostile and abusive work environment by negatively targeting my unit and I, making falsehood reports to Noreen and Tom, while she was sabotaging workflow by engaging my staff members in non-work related talks, and then reporting that my unit was not working. She also made personal threats against me, while my manager did not take necessary action and did not even communicate such to me until I found out in an email exchange between them (I was only copied).
Noreen also deceptively took me to the Revenue-HR in what she stated in the invitation email as "5th month evaluation" @12pm, but that meeting did not hold, as she came out of her office on sighting me @11:59am to say that we have to see Kia Miller @Revenue-HR. That's when I got my union rep involved, and Kia handed the rejection notice to my union rep, while Kia also followed me to my office, and even escorted out of my office before the effective time on the rejection notice that was not served to me "personally" as required by regulation. Noreen also blocked me from going back to the eligible list; that's retaliation per my report of discrimination, as I confronted her about the way she's treated me harshly on whatever she found on my desk, and even talking to someone else about it (stating the person just came back from sick leave, but the individual has been cleared of any work restrictions by doctor, let alone asking questions about the same thing she's targeting and rejecting me on probation for). She also said the individual is not on probation like me; that's not an excuse not to ask questions on job-related matters. This is sheer discrimination.

Some departments, sections, and units are so segregated that one could easily see that Controller's Office is predominantly white superiors; while in Revenue Department, WRB is predominantly black superiors, while Accounting Control is predominantly white superiors. And while I was going for the interview @Accounting Control, someone was physically dragging back and warning me not to go there, especially because of Ms. Skirkie, but I believe I can work with anyone, having over 10yrs experience. And if I decline this offer, who knows where I would find myself next. And I do give people benefit of doubt to find out who they truly are by myself, not by mere hearsay.

Someone like me has been so targeted as far back as 2007 while @ Controller's Office, when my ex-in-law, who was illegally residing in London called Deputy Controller Harvey Rice to report what police later found to be false (basically, he reported his sister [my ex-wife] missing, while the truth was that my ex left the house with my newborn in the middle of a divorce). When the Deputy tried to meddle with it, I told him not to, and that I would let police do the investigation, instead of bringing to work, or having a boss get involved unnecessarily.
Later in 2008, I took leave of absence without pay to visit Africa, and before the end of the leave, I requested an extension. The Controller's Office declined, and I was rather asked to resign if I cannot make it back per the originally approved leave. So, I resigned, knowing fully well that I have up toba year to return back to work per voluntary resignation. But when I returned and asked my employer when to resume work, I was told that tge City was laying off, and by resigning, I have technically layed myself off (which should not be because layoff go by seniority, and I have put in more than 6yrs at that time. I was not even given layoff letter to obtain unemployment. That's how I lost more than 6yrs of my career, and I had to retake a trainee exam in 2013. I was remployed into another department in 2014 (WRB, where promotion is very hard), and in 2017 I came first on Auditor-Trainee exam in a bid to return to where I could be promoted (in Controller's Office - I was few weeks to becoming an Auditor 2-EP19 when I resigned in 2008). One of my superiors @WRB that did not even know my story said I should be careful not to go to a place, where I could be laid off again.
But I believe I could work anywhere; so I went for the interview in 2017, only for the Controller's Office to write that I lied on my resume, that I am not a CPA exam candidate as claimed on my resume (whereas, I submitted all my credentials to OHR during application process). These are CPA certified professionals and superiors @Controller's Office that just need to call AICPA to find out about my claim, but they refused to do that, all in a bid to get me off the list of eligible candidates. I removed myself from the list in order to avoid depression on myself, and distractions on other exams and interviews.
While in a bid to get another job at another unit later in 2017, Controller's Office meddled again, as OHR surprisingly called me that I should narrate my work experience at Controller's Office (this is very unusual per hiring process), and the caller ID on my phones states Controller's Office. And with IT and telecommunications backgrounds @Lucent Technologies, along with military experience, I know it must have been a conference call that OHR refused to disclose the third-party. Superiors at Revenue, OHR, and Controller's Office thwarted my bid to get to the bottom of the meddling case by saying such happens a lot in that one could be calling from one phone, and it's another caller ID that would show up. Again, I left that alone to move on because I know it may take FBI to investigate and uncover that. But at this point, I would like to go that route to ensure this oppression @workplace does not happen to anyone again.
After I took the position of Accounting Supervisor @ Accounting Control, I was not given adequate training. Even the person tasked to train me quit within few weeks with flimsy excuses, while the management knew from the beginning that she was unwilling to train (giving scanty and skeletal information that I had to put puzzles together), negatively targeting me, my position, and my unit by reporting falsehoods to my superiors many times, and created a hostile work environment (and even threatened me with my manager's knowledge, and my manager did not directly inform me about this, and did not take due measures regarding the threats). Stephanie Gaines is an individual that would engage my staff-members in non-work related conversations, and she is the same person that would report my unit to the superiors. And I have been working in a professional manner all along, but the management should have done something about it; at least moved her away from my work area to avoid her interfering, disturbing, and distracting my unit.
As complex as the unit is, there is no structured training program for me to work with all along. I was basically offered none, and most of the things I was able to put together was by putting in extra unpaid hours to put puzzles together, despite the fact that my manager was the one that is supposed to train me, but she would fondly tell people that we were both learning on the job. She did not train me, she did not show anything tangible or significant to get the job done. And I inherited backlogs left by my predecessor (who left several weeks before I resumed duty) But after I struggled to get the unit's backlogs to that point to end of March/beginning of April, my manager then chose to get rid of me on flimsy excuses.

Not only that, I have been told that the rejection notice would block me from future opportunities as well. There's a current opening at WRB, and WRB director said that once someone is rejected on probation, there's no way of getting back on the list. And one would have to retake the exam in the future.

Regarding income-based tasks, the commissioner's office initially told me that I have to report this to its office on a weekly basis, and I have been struggling to get the job done amidst limited training and the fact that we were shorthanded, as the only accountant responsible for this was out on extended sick leave. Same accountant (Sean Lobley) is also part of other tasks.
Missing petitions: this mainly affected wage tax petitions that accounts for about 75% of our work during peak period @tax season. Many stacks of this was found at Sean's cubicle while he was out on extended sick leave (even dating back to October, 2017 before I assumed office @Refund Unit).
Petitions that are normally in my office are those that employees have questions with (we have about 20 different types of petitions that can be arranged into about 10 categories in this complex and hostile environment with limited training); many of which I was holding for Noreen while she was out for about a week (in the middle of being short-staffed). Outsourced employees were only helping us during overtime, when they choose to. They are not mandated to work on overtime; nobody in the city is compelled to work overtime. It is voluntary; and since I was short-staffed, I was asking folks from other unit to help us on overtime. And I coordinated this greatly, as we were able to push backlogs to where it was before I was humiliated out of office illegally by the powers that be, despite the fact that the notice gave me from the end of the day of 6/6/18, up until then end of probation on 6/17/18. But I was escorted like a criminal out of office, and back to my old unit. And this was in the bid by the powers that bevto ensure that I do not make the evidences that could be against them with me. As I was deceptively invited by my manager to a 12pm meeting per my 5th month performance (without any other invitee), but that meeting did not take place, as my manager just came out of her office on sighting me @11:59am, and just said we need to see Kia @Revenue-HR. Kia was not invited to a 12pm meeting @my manager's office, and HR did not invite me for any meeting. All that was done in order to ensure that I did not get adequate union representatition for something I was not even given prior notice of. There was a prior talk between my union President and Revenue-HR director, and I was waiting for a feedback when all this happened. The way I was treated on 6/6/18 was so embarrassing, humiliating, and demeaning by unethical and unprofessional individuals. In cultured, democratic, and an organized society, this is totally out-of-context.

The meetings setup by my manager by RCR staff member was as a result real-estate refund process that the manager is still learning, and trying to get detailsvof process from the RCR staff member that was not even tasked to train me in that aspect. As I could not take that decision on my own; every managerial decision in my units had to come from the manager.

Per the F625 screen thay contains pending petitions (i.e. @held, open, audit, memo status), I have been working on the workable ones since there was a discussion on in January, while wage petitions cannot be done from the screen, I was later told that even other petitions need the orginal petitions signed by a taskpayer before one can work it. I used to approve, deny, or ask for more info from taxpayers as the case may be by attaching print-outs of screenshots to corroborate my decision and for filing purposes, but I was told not to do so again, unless such is electronic petitions (and some electronic petitions are even recorded @F604 as returns, and in this case, I was told to get applicable credit notice, . But then, I was stopped from working on credit notice. I only work on those that employees bring to my attention (per UOL/Liquor/SCR commercial waste/refuse that involves monthly filing in which the system might be giving bogus credit). And this was the instruction of the director to avoid issuing refunds per false credits. Also, per earnings, my manager particularly said I should be checking if line 17 is higher than line 16 in order to avoid false issuing refunds on false credits. And employees would bring these to me also, and that's how work piles up in my office. And I do my best to organize in order of oldest to newest. The unit is just a complete mess per tons workpapers, and I have offered suggestions to have them scanned into imaging like returns petitions. My manager said that is a complex process; and again, I suggested

that we can have petitions scanned to a dedicated email address (e.g. Refund2@phila.gov), in order to have backup copies of petitions, instead searching for it later when we need it. Stacks of missing petitions from January was inexplicable, and the manager said we might need a security camera, while the director asked us to get locked boxes to keep petitions (this I have discussed with the staff member that is responsible for ordering materials, and he promised to look into it, even after asking for feedback on this, he said he was still looking into it.

Electronic petitions are also organized as they are sent to me on daily reports from another unit, and
I have departmental petitions organized as well, and both backlogs were @ the end of March/beginning of April as of 6/6/18.

This is to refute the manager's allegation that I am not organized, or that I am not working from the oldest to the newest refund petitions. Even on the day that she invaded my office and privacy while I was @HR's training that she's aware of, part of the paper she grabbed in a bid to find something to reject me on probation was the oldest wage petition in the bin that I signed up for when the departmental refund system was having problems during overtime, and I signed for the wage to complete the overtime (she was well updated on this during the overtime, as I created a ticket for the IT to help with the issue as well - my manager updated as well). The wage petition was the one returned to our unit without being sorted by an outsourced employee (Bhumika Bhatt) that seems unhappy when my manager stopped overtime for outsourced vemployees. The new procedure is to separate petitions worked on and give the remaining to Ms. Debbie (Deborah Rhone) to refile, while those that are need be approved in the system should also be handed in a separate batch to Ms. Debbie to approve. How the petition ended in the bin in a mixed-up situation remains a mystery. And I was trying to sort it out in the morning, but I had to run out to training in the process. Even during the overtime, she was asking me about a paper that I know very well was never given to me; but I scanned the taxpayers petition to her from the tracking number she provided). When she continued to ask me about it, I informed her that I cannot recollect any other thing on the petition (other than the tracking paper she gave when first alleged to have given me a paperwork on that). Then she said "we would talk tomorrow", but she cannot wait till I finish my training @1pm to explain whatever she's claiming to have been found in my office, as she invaded my office and privacy and chose whatever she decided to use in rejecting me on probation.

Even the director admitted that I came to the unit during tax season amidst high volume of workloads and backlogs, and that I did not have adequate training. But I was doing my best all along, and that is why I earned superior rating as of 4/17/18. If anything is the problem afterwards, such was not properly communicated to me, let alone to the extent of such affecting my probationary status. Even when the manager gave me the deadline of 5/26/18 to organize my office, she chose to invade my office and privacy on 5/23/18 to just look for anything to fail me on probation.

I now believe they could have even refused me the offer for the job in the beginning, if not for the fact that my predecessor left abruptly and that there is a regulation that states veteran must be taken between two candidates, unless both are veteran. But I came first in the exam Accounting Supervisor exam. Also, Finance department has discriminated against me twice for the position of Budget Analyst 2. Finance department told me they are no longer hiring on both occasion, and even said I was interviewed on the second occasion, but I was not interviewed. The director just told me that he was very busy, and that he would reschedule the interview and notify me. But I was told the very next day that the department is no longer hiring. And I know right there it is another way to discriminate, and even beat the regulation.

The illegal removal from office is also an intimidation and retaliation per discrimination complaints that I already filed @City's EEO's office, and Revenue-HR was notified. But Kia Miller that is in charge of such complaints rather chose to collude with my manager to quickly remove me from office, while I heard afterwards from an anonymous source that this is related the EEO complaints. The source actually asked me to withdraw the complaints because he has worked with my manager and director for years without such complaints; but I wonder why he, and other black superiors are in one section, while white superiors are in another section of the department. And I was the only black Accounting Supervisor in Accounting Control; this is an apparent bid to stop me from rising in the section to upper management level, and one of the black superiors and another employee told me not to go to white supremacy territory in the first place.

There's a violation of the following regulations because there was no 2nd month evaluation per 23.031, and the 3-month requirement in-between evaluations was not followed per 23.034 (timing is meant to give probationary employees time to comply with requirements and corrections per supervisor) - the clearest interpretation of these regulations is that I have satisfactorily completed 2nd month probation as of 2/18/18 (since no evaluation was give 10days after due date 2/18/18), and when I did much better, my supervisor gave the 4/17/18 evaluation to indicate that I have earned superior rating as of that date 4/17/18 (i.e. evaluation can be prepared at any time but it has to be that there's a significant change from the last evaluation, in which effective date must be 3 months apart (it's an apparent error for the supervisor to have created another evaluation in less than 3 months from the one signed on 4/17/18, and it is an aberration of the civil service regulation for the commissioner and the OHR director to have signed a rejection notice without having the knowledge of sequence of events regarding evaluation):

23.031 - A performance report on each probationary employee must be prepared and filed within ten days following the completion of the second and fifth months of the probationary period.

**23.032** - A person who has satisfactorily completed his probationary period shall be presumed to have an initial overall performance rating of Satisfactory.

23.034 - Whenever there is a change in an employee's work performance sufficient to cause a change in his overall rating, a performance report shall be prepared and filed. Such report may be filed only if the overall rating differs from that of the last performance report on the employee. Such report may not be filed with the Director earlier than three months following the effective date of the last performance report on the employee.

23.05 - EFFECTIVE DATE OF PERFORMANCE REPORTS. Except as otherwise prescribed by the Director, the effective date of annual, probationary, or other performance reports shall be the first of the month following the month in which the performance report is filed with the Office of the Director.

That's probably why my name was removed from the 6/5/18 performance evaluation training even before I was illegally escorted out of office on 6/6/18. They just don't want you to have knowledge that would empower you against discrimination. Lest do they know that I can dig the regulation on my own.

Same reason the supervisor tried to avoid my attendance of the EEO training; and even tried to make waste of it by illegally rejecting me on probation.

I remember my union rep and one Revenue HR staff really hammered on my attendance too. Revenue director must answer for the reason my name was illegally removed to apparently discourage me from attending (and I just wrote my name in anyway).

The regulation required both 2nd month and 5th month evaluation for probationary employees (even the one give on 4/17/18 states due 2/18/18 and clearly states "for 5th month" (meaning it's not made effective until 5/11/18 per CSR 23.05), and no other performance evaluation can be filed until after 3 months. Knowing fully well that another evaluation is not possible until after my probation, that's why they played games with my career. Very very unfair; certainly a callous way to say thank you to a veteran of the United States military, and for the meritorious selfless service I have been rendering to the people of the great City of Philadelphia for more than a decade (could have been over 16yrs, but same discriminatory system made me lose about 6yrs of my career in-between).

All in all, whatever brought about the events of 5/23/18 thru 6/6/18 was all as a result of ongoing discrimination and hostility @workplace, which should be rejected in entirety for the benefit of our society and posterity. No human being should go have gone thru the ordeal I went thru during my probationary period that was indeed illegally ended @ 12:45pm on 6/6/18 (wrongful termination of employment).

The unethical and unprofessional ways and manner the rejection notice was handled is even a violation of the following civil service regulations, the rejection notice was handed to my shop steward (she noted an error while going thru it), and another one was sent to my email (in which Kia stated that the error was corrected). Hence, no rejection was handed to me PERSONALLY, and none by REGISTERED MAIL as specified in regulation 14.0413, prior to forceful removal from office in apparent humiliation, intimidation, and retaliation per my report of workplace discrimination and hostility to the City's EEO and the Revenue-HR (not even mindful of the fact that the purported rejection notice was to be made effective at the end of the day on 6/6/18, but not later than end of probationary period dated 6/17/18). In trying to cover-up illegal evaluation dated 5/23/18 (ref. 23.034 and 23.05), the rejection only mentioned evaluation dated 4/17/18 as if it was the only one prepared, while the rejection is mainly about illegal evaluation dated 5/23/14. And the fact that the rejection notice has a significant error that was noted by my union rep, in which Kia said a corrected one was sent to my email @ (after I was already removed wrongfully from office), and the body of the email said the only correction made was regarding 2nd month evaluation. And I responded to the body of the email that there was no 2nd month evaluation. In this regard, no rejection notice was served to me in accordance to regulation 14.041.

I was even illegally escorted out of my office by Kia, and escorted to my old unit, as against what is stated on the rejection notice that it is effective at the end of business day on 6/6/18, and no later than end of probationary period on 6/17/18 (WRONGFUL TERMINATION OF EMPLOYMENT). And there's no where in the rejection procedure that states that a rejected employee should be escorted and humiliated, despite the fact that rejection is all about discrimination, and not even served to me as specified by regulation. I was only deceptively dragged into it, as supervisor (Ms. Noreen) called me for a 12pm meeting per 5th month evaluation, but she rather came out of her office to say we're going to Kia Miller @Revenue-HR. And that is when I got my union rep involved; the rejection was handed to my union rep (not served to me as required by regulation ).
By the fact that I was illegally removed from office as stated above (without being given adequate training and time to comply to supervisor's requirements per performance evaluation process and precedures that was not adhered to per regulations 23.031, 23.032, and 23.05 by the supervisor), I believe that I have successfully completed my probationary period as of 6/6/18 (even amidst discrimination in an abusive and hostile work environment), and should be allowed to continue in my position as the Accounting Supervisor (Refund Unit Manager).

14.0414 - Notice To Employee. A copy of the completed Notice of Rejection shall be personally delivered or sent by registered mail to the employee. The rejection of the employee during the probationary period is then complete.

14.0413 - Director's Concurrence And Effective Date. On or before the proposed effective date of rejection, three copies of the notice of rejection shall be submitted to the Director. Written consent of the Director must be obtained before rejection can be made. The rejection cannot be effective after the last day of the probationary period.

My employer failed me on probation for a promotion, despite the fact that I did not get adequate training (barely 2 weeks in the beginning), despite extra unpaid time that I put in to learn put puzzles of the diverse job together as a first time Accounting Supervisor, in a new environment with 2 units under me and supervising about 15 employees from the beginning, though one was later removed from my jurisdiction (I came first in the promotional exam and also a military veteran), same person that was tasked to train me was only giving skeletal information that I had to put together by asking questions from other employees in the unit, and putting puzzles together by staying for unpaid time after regular hours. And when overtime began at the peak of tax season, I started putting in about 68hrs weekly including 8hrs on Saturdays and even on holiday weekends. Same person tasked to train me quit in less than 2weeks when she realized I'm getting to understand the job (against her wish to ensure that I fail probation, and even later threatened that she would watch me crash and burn). And the management did not provide any training all along; I was basically left to ask questions whenever I get stuck. And even the most recent threat by the individual was not properly communicated to me by my manager, and neither was there any action to correct to eradicate hostility @workplace.

The evaluation was given after I already put in at least 7months worth of regular time and converted overtime put together, as against the regulation that requires 2nd and 5th month evaluation, or employee is deemed to have passed in the absence of evaluation 10days after due for each of 2nd and 5th month evaluation.

It is totaly unfair that I was failed on probation, with all my input, sacrifice, and professionally managing a hostile environment to ensure conducive atmosphere for all.

I feel used, discriminated against, threatened, and abused by the co-worker and the management.

To the City of Philadelphia, being on probation means you have no right to even voice out your opinion about what is wrong, as one is expected take all sorts of abuse in order to pass probation, even as a supervisor, and having more than 10yrs in service to the citizens, residents, and businesses in Philadelphia.

On Thu, Jun 7, 2018, 3:07 PM PDOContact <PDOContact@eeoc.gov> wrote:

Thank you for contacting the Equal Employment Opportunity Commission.  To schedule an appointment please provide the following:

- The inquiry number for the claim to which you are referring
- The day of the week you would prefer your appointment-available appointment days are Monday through Thursday only
- Preferred time of appointment-available appointment times are 8:30, 10:15, 1:00 and 2:30
- Preferred method of appointment-Phone or In-person

    For example:

    530-2018-0XXXX

    Tuesdays

    2:30

    Phone

Once your appointment in confirmed our office will send an email informing you of the date and time of your appointment.

Best Regards,


cid:THQSAPRHBWYK.IMAGE_3.bmp

Intake Staff

Equal Employment Opportunity Commission

801 Market Street

PH Suite 1300

Philadelphia, PA 19107

215-440-2601

PDOContact@eeoc.gov

From: SAM ARAOYE [mailto:afroxylin7@gmail.com]
Sent: Thursday, June 07, 2018 2:56 PM
To: PDOContact <PDOContact@eeoc.gov>
Subject: Inquiry# 530-2018-04056 - To Schedule EEOC Interview

Good Afternoon;

Please I need to schedule an appointment per above-mentioned subject.

Thanks a lot.

**Inquiry Submitted**

Your inquiry has been successfully submitted to EEOC. You should write down the inquiry number **530-2018-04056** and refer to it when contacting EEOC

Samuel O. Araoye

 **image001.png**
14 KB



## Re: City of Philadelphia's Abuse/Hostile Work Environment/Discrimination @Probation -DOL002

4 messages

**DOLNCC** <dol-ncc@dolncc.dol.gov>                                          Fri, Jun 8, 2018 at 8:51 AM
Reply-to: dol-ncc@dol.gov
To: afroxylin7@gmail.com <afroxylin7@gmail.com>

Hello,

Thank you for contacting the U.S. Department of Labor National Contact Center.

We have received your inquiry but need additional clarification to further guide and assist you. Could you please identify the most relevant work sector that applies to your inquiry from the options listed below?

a. Private Sector

(Private Sector is generally defined as employees consisting of companies or businesses that are separate from the government)

b. Federal Government

(Federal Government is generally defined as being employed directly with a federal agency)

c. USPS/Postal Rate Commission or Tennessee Valley Authority

d. State or Local Government

(State or Local Government is generally defined as being employed with the city, town, county or state government)

e. Federal Contractor - General

(You are generally considered a federal contractor if your company does business with the federal government under a contract.)

f. Federal Contractor - Construction Contracts

(You are generally considered a federal contractor if your company does business with the federal government under a Construction Contract.)

g. Federal Contractor – Non-Construction / Supply or Service Contracts

(You are generally considered a federal contractor if your company does business with the federal government under a non-construction contract, also known as supply or service contract.)

h. Independent Contractor

(Independent contractors are generally defined as self-employed people who work for others under contracts. As a general rule an independent contractor receives an IRS form 1099 at the end of the year.)

i. Independent Contractor Employee

(Workers are generally considered employees if they are not self-employed. As a general rule an employee receives IRS form W-2 at the end of the year)

j. Military Personnel

(Someone who serves in the armed forces)

k. Territorial Government

(You are employed with a territorial government if you are employed with one of the following governments: American Samoa, Federated States of Micronesia, Guam, Midway Islands, Northern Mariana Islands, Puerto Rico, Republic of Palau, and Republic of the Marshall Islands or the U.S. Virgin Islands.)

l. Interstate Commercial Truck Driver

(An interstate truck driver is generally defined as a person that drives a commercial truck for their work and crosses state lines.)

m. Indian Reservations / Tribal Lands

(Generally speaking, you are employed with an Indian reservation or tribal lands if you work for an organization based on land reserved as a

permanent tribal homeland under a US treaty, Executive Order, Federal Statute or Administrative Action.)

n. Other/Unknown/Unsure

If you are unsure, please provide a detailed description of the organization you are/were employed with.

If you need any additional information on our services please feel free to contact us via telephone at 1-866-4-USA-DOL (1-866-487-2365).

Thank you,

The U.S. Department of Labor National Contact Center

The contents of this message are provided as a public service to enhance public access to general information on Department of Labor programs. The accuracy and timeliness of information is under regular development and review. While we try to maintain the reliability of the general information we present publicly, you should be mindful that you remain responsible for actions you take on the basis of this information. We will make every effort to correct errors brought to our attention.


Please take our survey:

Begin Survey

[ ref:_00Dt0Cma8._500t0Akiw8:ref ]

---

**SAM ARAOYE** <afroxylin7@gmail.com>                                   Fri, Jun 8, 2018 at 9:29 AM
To: dol-ncc@dol.gov

Hello;

I work for the Local Government (City of Philadelphia) in the civil service system as a civil servant.

Thanks a lot.
[Quoted text hidden]

---

**DOLNCC** <dol-ncc@dolncc.dol.gov>                                     Mon, Jun 11, 2018 at 9:21 AM
Reply-to: dol-ncc@dol.gov
To: afroxylin7@gmail.com <afroxylin7@gmail.com>

Hello,

Thank you for contacting the U.S. Department of Labor National Contact Center.

Regarding overtime, the Wage and Hour Division (WHD) enforces the Fair Labor Standards Act (FLSA). For questions about the employment classification of workers as employees or independent contractors, hourly or salary, exempt or non-exempt, that relate to the application of overtime pay and minimum wage, please contact the WHD.

Office Name: WHD Toll-Free Line
Phone: (866) 487-9243

Website Name: WHD Email Form
URL: http://www.dol.gov/find/contactwhd

Concerning mistreatment, with the exception of federal contractors and subcontractors, the U.S. Department of Labor (DOL) does not address laws, regulations, general inquiries or complaints regarding mistreatment in the workplace including topics such as discrimination, favoritism, harassment, nepotism or preferential treatment.

Additional assistance and resources may be available by contacting the employer's human resources group, a state and local government, a union representative or another federal agency. The U.S. DOL has no jurisdiction over the services provided by these entities.

Office Name: USAGov Federal Information Line
Referral Statement: For more information, please contact
Phone: (844) 872-4681
TTY Phone: (800) 325-0778

Website Name: USAGov
URL: http://www.usa.gov
[Quoted text hidden]

---

**SAM ARAOYE** <afroxylin7@gmail.com>                                   Tue, Jun 19, 2018 at 7:35 AM
Draft To: Dc47 Local 2186 President Pamela Robinson <probinson@dc47.org>

I was promoted on 12/18/18 and has been on probation since then; the civil service regulation states that one is successful after 6-month probation, provided there's no rejection from the appointing authority during probation.

By the time the appointing authority used an illegal rejection notice to humiliate me and removed me from office (even before the effective time stated on the purported rejection notice in an apparent discrimination/racism situation), I have already put in at least 8 months if regular time is added to my overtime hours of work. The appointing authority is not giving me credit for overtime hours worked on probation; this is tantamount to usury, despite the fact that I was not given adequate training to do the job (I basically stayed unpaid extended hours to know the job, even after paid overtime hours). Even amidst hostile work environment that the appointing authority is aware of, and did little to curtail, but I was the one being highly professional to avoid escalation of unwarranted issues in the hostile work environment. Please I need justice; and I want my promotion that has been stolen from me.

Thanks a lot.

--------- Forwarded message ---------
From: DOLNCC <dol-ncc@dolncc.dol.gov>
Date: Fri, Jun 8, 2018, 8:51 AM
Subject: Re: City of Philadelphia's Abuse/Hostile Work Environment/Discrimination @Probation -DOL002
To: afroxylin7@gmail.com <afroxylin7@gmail.com>

Hello,

Thank you for contacting the U.S. Department of Labor National Contact Center.

We have received your inquiry but need additional clarification to further guide and assist you. Could you please identify the most relevant work sector that applies to your inquiry from the options listed below?

d. Local Government

If you need any additional information on our services please feel free to contact us via telephone at 1-866-4-USA-DOL (1-866-487-2365).

Thank you,

The U.S. Department of Labor National Contact Center

The contents of this message are provided as a public service to enhance public access to general information on Department of Labor programs. The accuracy and timeliness of information is under regular development and review. While we try to maintain the reliability of the general information we present publicly, you should be mindful that you remain responsible for actions you take on the basis of this information. We will make every effort to correct errors brought to our attention.

Please take our survey:

Begin Survey

[ ref:_00Dt0Cma8._500t0Akiw8:ref ]

# Philadelphia Civil Service Regulations

**Table of Contents**

11. Requisitions, Certification and Appointment                    ▼

# 11. REQUISITION, CERTIFICATION AND APPOINTMENT

**11.01 - REQUISITION OR REQUEST FOR CERTIFICATION.** Whenever a vacancy in the Civil Service is to be filled, the appointing authority shall prepare a requisition for the certification of the names of persons eligible for the position. Such requisition shall be made upon forms provided for or specified by the Director and shall specify the class title, compensation, duties and responsibilities of the position and such additional information as will enable the Personnel Department to act appropriately upon such requisition.

    **11.011 - REQUISITION OF ELIGIBLE CANDIDATES PRIOR TO CERTIFICATION TO DETERMINE INTEREST IN EMPLOYMENT.** If the Director determines that eligible candidates for a class regularly decline referrals for interviews or offers of employment or are otherwise unavailable or unresponsive for certification or appointment, he or she may refer a larger number of eligible candidates for the consideration of the appointing authority than would be certified in accordance with Regulations 11.03 or 11.04. The Director will determine the number of eligible candidates to be referred based on historical data. Such requisition shall be considered a pre-certification determination of interest in employment.

    The appointing authority must contact the referred eligible candidates to determine their interest in being certified for interviews. The appointing authority will report the results and provide documentation to the Director. The Director shall adjust the eligible list accordingly, removing candidates from the certification or the eligible list depending on circumstances.

    The number of eligible candidates actually certified to be considered for employment in a position must be in accordance with Regulation 11.03 or 11.04. All other provisions of Regulation 11 shall apply to certifications that occur subsequent to a pre-certification determination of interest in employment.

**11.02 - LISTS USED FOR CERTIFICATION.** The Director shall determine the basis on which individual examinations shall be given and the types of eligible lists to be established as a result of the examinations. This information must be specified on the announcement of the examination. Certifications are to be made from the different types of lists in the following order, provided however, that as to the order of the lists described in Sections 11.0232 and 11.024 the Director may make exceptions:

    **11.021 - LAYOFF LIST.** *First*, certification shall be made from the proper LAYOFF LIST to fill vacancies that cannot be filled by certification and appointment from a departmental promotional eligible list.

    **11.022 - CAREER ADVANCEMENT LIST.** Notwithstanding contrary provisions of these Regulations, for the *in-place* promotion of an employee in a career advancement series class to the next higher-level class within the series, certification shall be made first from the CAREER ADVANCEMENT LIST. However, appointments to *unfilled* positions at any level in the series shall not be made from this list.

    **11.023 - PROMOTIONAL ELIGIBLE LISTS.** *Second*, certification shall be made from either the departmental or interdepartmental promotional eligible lists for the proper class, as the appointing authority may deem appropriate for each certification. If an appointing authority decides to use the departmental list, and there are insufficient eligible candidates remaining on the departmental list, that appointing authority may request certification of the top ranking eligible candidates on the interdepartmental list to pair with the candidates from the departmental list so that the appointing authority can select from a full certification. Certification will be in accordance with provisions of Regulation 11.03.

        **11.0231 - DEPARTMENTAL.** This list shall consist only of persons with permanent status who are employed in the department in which the vacancy exists and who passed the examination on a promotional basis.

            **11.02311 -** Any person who, during the life of an eligible list is transferred, promoted or demoted from one department to another, will not be eligible for certification from that list under Section 11.0231 for a period of ninety (90) days.

        **11.0232 - INTERDEPARTMENTAL.** This list shall consist of all persons with permanent status who passed the examination on a promotional basis.

    **11.024 - OPEN COMPETITIVE ELIGIBLE LIST.** *Third*, certification shall be made from an OPEN COMPETITIVE LIST of the proper class.


been rejected twice by an appointing authority in favor of others on the same eligible list shall not again be certified to that appointing authority, except upon written request from the appointing authority. However, the passing over of a non-veteran eligible in order to appoint a veteran shall not constitute a rejection (Sec. 7-401 (h) C.C.).

**11.051 - SECOND CERTIFICATION OF DISTRICT COUNCIL 47 REPRESENTED EMPLOYEE.** In the case of a second certification to an appointing authority of a District Council 47 represented employee, the appointing authority will notify the eligible so certified as to whether or not he or she was selected, and that eligible, if not selected, may request and shall be granted an interview regarding the non-appointment.

**11.07 - <u>NOTIFICATION OF CERTIFICATION AND REFERRAL.</u>** Eligibles certified shall be notified by phone, e-mail, mail or other comparable method. Eligibles shall be certified in accordance with their standing on the list, as provided in Sections 11.03 and 11.04 of this Regulation.

**11.08 - <u>OBJECTION TO AND SUBSTITUTION OF ELIGIBLES.</u>** An appointing authority may submit a written statement to the Director requesting removal of the name(s) of eligible candidate(s) from a certification. Any cause contained in Regulation 10.09 or in a subsection of that regulation shall be deemed sufficient reason for removal, but the Director may sustain objections for other cause which would, if assigned as a reason for dismissing an employee, be acceptable to the Director. If the request is approved by the Director, the name of the eligible shall be stricken from the certification, as the Director may deem appropriate, and the next highest name on the eligible list shall be certified.

The process for the removal of an eligible candidate from a certification shall be the same process used for removal of an eligible candidate from an eligible list as defined in Regulation 10.094.

An eligible candidate whose name has been removed from a certification shall have the same rights to request restoration to the certification as defined in Regulation 10.10 for a candidate whose name has been removed from an eligible list.

**11.081 - REMOVAL OF THE NAME OF AN EMPLOYEE FROM AN ELIGIBLE LIST OR A CERTIFICATION WHEN THE EMPLOYEE HAS PERMANENT STATUS IN THE SAME CLASS.** At the request of the appointing authority, the Director may remove the name of an eligible candidate from a departmental promotional eligible list or a certification from any type of eligible list to fill a position for a class if the candidate is employed in the same department and has permanent status in the same class. The appointing authority shall notify the candidate of the removal from the eligible list or certification within five (5) business days of the removal.

**11.09 - A|**
   te
   a|
   c
   a|
   b

<span style="font-size:2em">COPY     SHARE     SELECT ALL</span>   ● ● ●

   n within
   n from
   the

   s will not

**11.091 - INTERVIEWING REFERRED ELIGIBLES.** All eligibles referred to an appointing authority shall be interviewed by him or her or by some other responsible designee, provided however, that he or she need not interview an eligible who:

        1. was previously interviewed personally as a referral from the same eligible list, or
        2. is a non-veteran certified with a veteran, or
        3. is certified from a departmental promotional list and whose record of performance is personally known to the interviewer.

**11.092 - BACKGROUND INVESTIGATIONS.** Every person offered employment with the City shall be required to complete a background investigation questionnaire, the form and content of which shall be prepared by the Personnel Director. The Office of the Inspector General, or the Personnel D or their designee shall perform such background investigation, based on the completed questionnaire and the requirements of the position, as the Inspector General or the Personnel Director deem appropriate.

    **11.092-1 - <u>Background Investigation As A Condition Of Employment.</u>** The background investigation questionnaire must be completed truthfully and within the timeframe established by the Director as a condition of employment by each person offered employment with the City. The questionnaire must be completed and returned to the Personnel Department prior to the start of employment. The prospective employee must authorize the release of such personal data required to complete a background investigation sufficient for the needs of the position, unless the release of the data would be prohibited by state or federal law.

    The conditional offer of employment shall be rescinded if the eligible does not complete the questionnaire and consent to the release of the requested data.

    **11.092-2 - <u>Information Required.</u>** The questionnaire shall seek such background information as is appropriate for the position. For all positions, such information shall include, but need not be limited to:

            • All prior names used by the prospective employee;
            • All addresses used by the prospective employee currently and for the ten years preceding the offer of employment;
            • Date of birth;
            • Social Security Number;
            • Driver's license number and State of issue;
            • Highest education completed at the high school level or above;
            • Previous employment history for a minimum of three years prior to the offer of employment;



be eligible for certification from that list under Section 11.0231 for a period of ninety (90) days.

**11.0232 - INTERDEPARTMENTAL.** This list shall consist of all persons with permanent status who passed the examination on a promotional basis.

**11.024 - OPEN COMPETITIVE ELIGIBLE LIST.** *Third*, certification shall be made from an OPEN COMPETITIVE LIST of the proper class.

**11.025 - APPROPRIATE OR RELATED ELIGIBLE LIST.** *Fourth*, in the absence of an eligible list for the class of position requisitioned, the Director may certify to the position eligibles from an APPROPRIATE or RELATED LIST.

**11.03 - CERTIFICATION.** Upon receipt of a requisition from an appointing authority for the names of persons to fill a vacancy from an eligible list, the Director shall certify to the appointing authority from the proper eligible list, in accordance with Section 11.02 of the Regulation, the names of the two persons who are highest in rank.

**11.031 - ALL NON-VETERAN CERTIFICATION.** Where two (2) non-veterans are certified, either non-veteran may be appointed.

**11.032 - SELECTIVE FACTOR CERTIFICATION.** When a certification of eligible candidates with specified experience, education, training, license, registration, certification or skill is requested in writing by the appointing authority as being necessary for satisfactory performance in a particular position in an established class or series of classes, and the Director determines that the reasons given fully justify the request, a certification may be made of the two highest ranking eligible candidates on the appropriate list who possess the specified qualification. Selection of the eligible to fill the vacancy will then be made in accordance with the Civil Service Regulations.

**11.033 - EVALUATION OF FITNESS FOR DUTY.** Eligible candidates shall be notified to appear for such evaluations of fitness in such numbers and at such times, before or after certification for appointment, as the Director may determine to be necessary or convenient. The number of candidates referred to an evaluation of fitness will be determined by the Director and may exceed the number of candidates required for a certification to fill the positions. The number of candidates referred to the evaluation of fitness will be based on an estimate of the number of candidates who will be successful in the evaluation of fitness. Evaluations of fitness shall be related to the requirements of the job and may consist of medical, psychological or psychiatric evaluations, evaluations of physical fitness to perform the job, or investigations of the eligible candidate's background. Failure to pass any of these evaluations may disqualify the eligible for appointment.

**11.0331 - Medical And/Or Psychological Examinations.** Medical or psychological examinations may be required only after a candidate has received a conditional offer of employment. If candidates receive such an offer of employment, and the candidates pass the medical and/or psychological examinations and meet all other requirements for the position, the candidates will be appointed in rank order to the position in accordance with these regulations.

**11.0332 - Re-Evaluation.** An eligible who fails an evaluation of fitness by reason of a condition determined to be remediable may, during the life of the eligible list and at the discretion of the Director be permitted one or more re-evaluations. Should it be determined that the disqualifying condition has been remedied and that no other disqualifying condition exists, the eligible's name shall be placed on or restored to the list without prejudice to appointments and certifications previously made.

**11.034 - CERTIFICATION FROM ELIGIBLE LISTS REQUIRING POST EXAMINATION EVALUATIONS OF FITNESS OR A QUALIFYING EXAMINATION**
eligible candidate is required to successfully pass a post examination evaluation of fitness or a qualifying examination, that candidate' certification and appointment until the candidate has passed the evaluation or qualifying examination. Certifications to fill positions f require an evaluation of fitness or a qualifying examination will consist of eligible candidates who have passed the evaluation of fitness examination at the time that the eligible candidates are referred to the appointing authority. Candidates who have not passed all requir  and qualifying examinations are ineligible for certification and appointment until all required evaluations of fitness or qualifying examinatio_____een passed.

**11.035 - CONDITIONAL CERTIFICATION.** Candidates who have passed the examination may be contingently certified and given a conditional offer of employment in accordance with the provisions of Regulation 11 prior to meeting all requirements or passing a qualifying examination or an evaluation of fitness. Such candidates may not be appointed until the candidate provides the Director with adequate documentation that the candidate has acquired and does possess the published required qualifications, or has successfully passed the qualifying examination or evaluation of fitness required for the position. The contingent certification will automatically become void if this documentation is not provided to the Director within a period of time determined by the Director.

**11.036 - CERTIFICATION FROM A CONSOLIDATED ELIGIBLE LIST.** Eligible lists established at different times, but consolidated, will be considered a single eligible list. Certification of eligible candidates from a consolidated eligible list shall be made in rank order. The dates that the lists were established will not affect the order of certification.

**11.037 - CERTIFICATION FROM A COMBINED ELIGIBLE LIST USED TO FILL POSITIONS IN THE BILINGUAL SPECIALTY OF A CLASS.** When a combined eligible list is used to fill positions both in the bilingual specialty of a class and in another specialty of the same class and a position requiring the ability to communicate in a Non-English language or in American Sign Language is to be filled, the top two candidates who are identified as fluent in the specified language will be certified to fill the position regardless of their rank on the overall eligible list.

**11.04 - CERTIFICATION TO MORE THAN ONE VACANCY.** If an appointing authority desires at one time to fill more than one vacancy from the same eligible list, he or she shall include in the requisition, a written statement of the number of vacancies to be filled. The Director shall then certify in sequential order the names of the two candidates who are ranked highest on the eligible list at the time of the certification for each position. When filling two positions, the appointing authority will

**11.03 - CERTIFICATION.** Upon receipt of a requisition from an appointing authority for the names of persons to fill a vacancy from an eligible list, the Director shall certify to the appointing authority from the proper eligible list, in accordance with Section 11.02 of the Regulation, the names of the two persons who are highest in rank.

**11.031 - ALL NON-VETERAN CERTIFICATION.** Where two (2) non-veterans are certified, either non-veteran may be appointed.

**11.032 - SELECTIVE FACTOR CERTIFICATION.** When a certification of eligible candidates with specified experience, education, training, license, registration, certification or skill is requested in writing by the appointing authority as being necessary for satisfactory performance in a particular position in an established class or series of classes, and the Director determines that the reasons given fully justify the request, a certification may be made of the two highest ranking eligible candidates on the appropriate list who possess the specified qualification. Selection of the eligible to fill the vacancy will then be made in accordance with the Civil Service Regulations.

**11.033 - EVALUATION OF FITNESS FOR DUTY.** Eligible candidates shall be notified to appear for such evaluations of fitness in such numbers and at such times, before or after certification for appointment, as the Director may determine to be necessary or convenient. The number of candidates referred to an evaluation of fitness will be determined by the Director and may exceed the number of candidates required for a certification to fill the positions. The number of candidates referred to the evaluation of fitness will be based on an estimate of the number of candidates who will be successful in the evaluation of fitness. Evaluations of fitness shall be related to the requirements of the job and may consist of medical, psychological or psychiatric evaluations, evaluations of physical fitness to perform the job, or investigations of the eligible candidate's background. Failure to pass any of these evaluations may disqualify the eligible for appointment.

**11.0331 - Medical And/Or Psychological Examinations.** Medical or psychological examinations may be required only after a candidate has received a conditional offer of employment. If candidates receive such an offer of employment, and the candidates pass the medical and/or psychological examinations and meet all other requirements for the position, the candidates will be appointed in rank order to the position in accordance with these regulations.

**11.0332 - Re-Evaluation.** An eligible who fails an evaluation of fitness by reason of a condition determined to be remediable may, during the life of the eligible list and at the discretion of the Director be permitted one or more re-evaluations. Should it be determined that the disqualifying condition has been remedied and that no other disqualifying condition exists, the eligible's name shall be placed on or restored to the list without prejudice to appointments and certifications previously made.

**11.034 - CERTIFICATION FROM ELIGIBLE LISTS REQUIRING POST EXAMINATION EVALUATIONS OF FITNESS OR A QUALIFYING EXAMINATION** eligible candidate is required to successfully pass a post examination evaluation of fitness or a qualifying examination, that candidate' certification and appointment until the candidate has passed the evaluation or qualifying examination. Certifications to fill positions f require an evaluation of fitness or a qualifying examination will consist of eligible candidates who have passed the evaluation of fitnes examination at the time that the eligible candidates are referred to the appointing authority. Candidates who have not passed all requir and qualifying examinations are ineligible for certification and appointment until all required evaluations of fitness or qualifying examinatu        een passed.

**11.035 - CONDITIONAL CERTIFICATION.** Candidates who have passed the examination may be contingently certified and given a conditional offer of employment in accordance with the provisions of Regulation 11 prior to meeting all requirements or passing a qualifying examination or an evaluation of fitness. Such candidates may not be appointed until the candidate provides the Director with adequate documentation that the candidate has acquired and does possess the published required qualifications, or has successfully passed the qualifying examination or evaluation of fitness required for the position. The contingent certification will automatically become void if this documentation is not provided to the Director within a period of time

requisition from an appointing authority for the names of persons to fill a vacancy from an eligible list, the Director shall certify to the appointing authority from the proper eligible list, in accordance with Section 11.02 of the Regulation, the names of the two persons who are highest in rank.

**11.031 - ALL NON-VETERAN CERTIFICATION.** Where two (2) non-veterans are certified, either non-veteran may be appointed.

**11.032 - SELECTIVE FACTOR CERTIFICATION.** When a certification of eligible candidates with specified experience, education,

eligible list, in accordance with Section 11.02 of the Regulation, the names of the two persons who are highest in rank.

## 11.031 - ALL NON-VETERAN CERTIFICATION. Where

two (2) non-veterans are certified, either non-veteran may be appointed.

## 11.032 - SELECTIVE FACTOR

# City of Philadelphia – Notice of Results 

> Inbox

 **Phila.OHR@phila.gov** 4/20/2017 

🔓 to me ⌄



SAMUEL ARAOYE
1834 Margaret St.
PHILADELPHIA, PA 19124

Dear SAMUEL ARAOYE:

Congratulations!  You passed the examination for the position of **Departmental Accounting Systems Specialist**, (**2A19-20170213-PR-00**).

The Published List of Candidates has been established.  Your score is **78.35057** and your rank on the eligible list is currently **2**. Please be advised that your rank may change as a result of appeals, removal of candidates from the eligible list, or other actions that occur after the establishment of the original eligible list.

The Eligible List for this examination will be established when the first candidates are certified and scheduled for interviews.  At that time, the maximum two year duration of the eligible list will begin.

**Candidates will have 30 days from the date results were sent to review their test and file a written appeal.  Test review is held on Tuesdays, Wednesdays and Thursdays and is available by appointment only.  Please call (215) 686-0880 if you wish to schedule a test review.**

When we have sufficient vacancies to reach your rank on the eligible list, you will be contacted by a human resources representative to schedule an