IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL O. ARAOYE, : | |
|     Plaintiff, : | CIVIL ACTION 2:19-CV-00719 (PBT) |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, : | |
|     Defendant : | |

## DENNIS GIBSON, VICE PRESIDENT, AFSCME LOCAL 2186'S OBJECTION TO PLAINTIFF'S PRAECIPE FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Dennis Gibson ("Gibson"), Vice President of American Federation of State, County and Municipal Employees Local 2186 ("AFSCME") and AFSCME, by and through undersigned counsel, hereby set forth the following objection to Plaintiff Samuel O. Araoye's ("Plaintiff") Praecipe for Default Judgment.

Plaintiff's April 6, 2020 letter to the Court, entered on the docket as a Praecipe for Default Judgment ("Praecipe"), requests that the Clerk of Court "enter a default against the *defendants* … for failure to file Answer or other defense." *ECF # 30* (emphasis added)*.* There is only one Defendant remaining in this case, and it is not Gibson (or AFSCME). Therefore, neither Gibson nor AFSCME was obligated to respond to Plaintiff's Amended Complaint.

Perhaps Plaintiff's use of the term "defendants" in his Praecipe is a typographical error. Out of an abundance of caution, Gibson and AFSCME are compelled to file this response on their own behalf, objecting to Plaintiff's Praecipe seeking entry of default against "defendants." As noted, neither Gibson, nor AFSCME, nor any other AFSCME representative, is a Defendant in this action. First, Gibson, as Vice President of AFSCME, was dismissed from this lawsuit when this Court granted the Motion to

1

Dismiss dated May 21, 2019 (*ECF # 24)*. Second, the Amended Complaint names one Defendant only - the City of Philadelphia. Accordingly, neither Gibson (nor AFSCME) was required to file an answer or otherwise plead to Plaintiff's Amended Complaint. For the reasons set forth more fully below, Plaintiff's Praecipe against all "defendants" should be denied to the extent that Plaintiff seeks default judgment as to Gibson and/or AFSCME and the Clerk of Court should not enter default judgment.

**I.     PROCEDURAL HISTORY**

Plaintiff commenced this action on February 21, 2019. *ECF # 1.* Included among the Defendants named in the initial Complaint was Dennis Gibson, Vice President of AFSCME. AFSCME is a labor union that represented Plaintiff during his employment with the City of Philadelphia. On May 21, 2019, Gibson, as Vice President of AFSCME, filed a Motion to Dismiss the Complaint. *ECF # 17.* The Court granted this Motion on January 29, 2020. *ECF # 24.* On February 12, 2020, Plaintiff filed a Motion for Leave to File an Amended Complaint to which he attached the Amended Complaint. *ECF # 25.* Plaintiff's Amended Complaint changed the initial case caption from *Samuel O. Araoye v. Noreen Skirkie, et al.* to *Samuel O. Araoye v. City of Philadelphia.* On February 27, 2020, Plaintiff filed with the Third Circuit Court of Appeals an appeal of the Court's ruling dismissing his initial Complaint. *ECF # 26.* The appeal is docketed at 20-1448. As of this writing, the appeal is pending.

By Order dated March 4, 2020, this Court granted Plaintiff's Motion for Leave to File an Amended Complaint. *ECF # 29.* Consistent with the revised case caption on Plaintiff's Amended Complaint, the Court's Order was captioned *Samuel O. Araoye v.*

2

*City of Philadelphia*, and advised the "Defendant" to respond to the Amended Complaint on or before March17, 2020. The docket number remained the same.

By letter dated April 6, 2020, and filed with the Court the same day, Plaintiff requested the Clerk of Court to "enter a default against the *defendants* for failure to file Answer or other defense."[1]  *ECF # 30* (emphasis added).  Nowhere in Plaintiff's letter are the "defendants" identified by name.  As of the filing of this objection, the Clerk of Court has not entered default judgment and Plaintiff has not formally moved for entry of default judgment.

## II.    ARGUMENT

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff's request that default be entered against "defendants" should be denied as to Gibson and AFSCME for the following reasons.

When he amended his Complaint, Plaintiff changed the case caption from naming six individuals as Defendants, including Gibson, to one Defendant - the City of Philadelphia.  *ECF # 25* at pp. 1, 3.  Consistent with his removal of Gibson as a Defendant in this action, in his Memorandum of Law in support of his request for leave to file an Amended Complaint, Plaintiff made no allegations against Gibson as a representative of AFSCME (or as an employee of the City for that matter).  *Id.* at pp. 3-

---

[1] Although Plaintiff has consistently represented that he is pursuing his claim *pro se*, and in fact invoked his *pro se* status in seeking leave to amend his Complaint (*see ECF # 25* at p. 5), it appears his April 6, 2020 letter was written on the stationary of Philadelphia attorney, Faye Riva Cohen.

4, 8-15. Further, Plaintiff's Memorandum expressly states that he intended the City to be the sole Defendant in this action:

> Third, . . . the City of Philadelphia will not be prejudiced if Plaintiff's Complaint is amended to include the City of Philadelphia as the sole defendant. . . .
>
> Fourth, the Amended Complaint greatly simplifies the matter before the Court. In his Amended Complaint, Plaintiff seeks to substitute a single defendant in place of the six individuals who were previously named.

*Id.* at p. 6. Finally, in the Amended Complaint's identification of the parties to the litigation, the sole defendant listed is the City of Philadelphia. *Id.* at p. 9.

Based upon the case caption, Plaintiff's statements in his Memorandum, and the lack of any allegations against Gibson, AFSCME, or any AFSCME representative in the Amended Complaint, there can be no doubt that Plaintiff is not seeking affirmative relief from Vice President Gibson, or from AFSCME. Therefore, neither Gibson nor AFSCME was required to answer or otherwise plead to the Amended Complaint. Accordingly, to the extent Plaintiff's use of the term "defendants" in his Praecipe is meant to include Gibson or AFSCME, Plaintiff's Praecipe should be denied and the Clerk of Court should not enter default judgment. *See* Fed. R.C.P. 55(a).

## III. CONCLUSION

For all the reasons set forth herein, the Clerk of Court should deny Plaintiff's Praecipe to enter default as to Gibson and AFSCME for failing to answer or otherwise plead to the Amended Complaint.

**[signature block follows]**

4

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

 /s/  Lauren M. Hoye
LAUREN M. HOYE, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office:      (215) 656-3687
Facsimile:  (215) 561-5135
Email:      lhoye@wwdlaw.com

*Counsel to Gibson, Vice President of AFSCME, and AFSCME*

Dated:  April 8, 2020

## **CERTIFICATE OF SERVICE**

      I, Lauren M. Hoye, do hereby certify that on this 8th day of April, 2020, I served a copy of the foregoing Objection to Plaintiff's Praecipe for Default Judgment as follows:

<u>By First Class Mail, prepaid, USPS:</u>

Samuel O. Araoye, Plaintiff
106006 SR 3004
Springville, PA 18844

<u>Via the Court's CM/ECF System</u>:

Erica Kane, Esquire
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

                                                /s/ Lauren M. Hoye
                                                LAUREN M. HOYE, ESQUIRE