IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL O. ARAOYE,

    Plaintiff,

v.

THE CITY OF PHILDELPHIA et al.,

    Defendant.

CIVIL ACTION

NO. 19-0719

## ORDER

**AND NOW**, this __19th___ day of April 2021, upon consideration of Defendant City of Philadelphia's Partial Motion to Dismiss for Failure to State a Claim (ECF 44) and Plaintiff's Motions to Consolidate and Amend (ECF 58), for Entry of Judgment (ECF 60), for Entry of Summary Judgment (ECF 62), and for Entry of Judgment on the Pleadings (ECF 64), **IT IS HEREBY ORDERED AND DECREED** that:

1. Defendant's Motion is **GRANTED.**[i] Counts I and II of Plaintiff's Amended Complaint are **DISMISSED**. No motions were filed as to Count III.

2. Plaintiff's Motions are **DENIED.**

                                                    BY THE COURT:

                                                    /s/ Petrese B. Tucker

                                                    _____

                                                    **Hon. Petrese B. Tucker, U.S.D.J.**

Before the court is Defendant City of Philadelphia's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint as untimely under Title VII of the Civil Rights Act of 1964, and Plaintiff's motion to Consolidate and Amend, plus motions for Entry of Judgment, Summary Judgment, and for Entry of Judgment on the Pleadings.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Samuel Araoye ("Plaintiff") filed the first iteration of this *pro se* employment discrimination lawsuit on February 21, 2019, against Defendants Stephanie Gaines, Dennis Gibson, Glenn Harper, Kia Miller, Noreen Skirkie, and Tom Wismer ("Individual Defendants"). Compl. (ECF 1). Araoye, a man of Nigerian origin and former employee of the City of Philadelphia, had alleged that the Individual Defendants had failed to adequately train and promote him because of his race and national origin. Compl. 6.

Plaintiff's original complaint had two causes of action, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq. Compl. 3. The Individual Defendants filed a Motion to Dismiss on April 22, 2019, contending that Plaintiff had failed to exhaust administrative remedies on his Title VII and ADA claims. (ECF 14). Plaintiff's claims were against the Individual Defendants, but the discrimination charge he raised with the Equal Employment Opportunity Commission ("EEOC")—a required step prior to filing a lawsuit under either statute in federal court—only named the City of Philadelphia. 1st. Or. to Dismiss 4 (ECF 24). Plaintiff's EEOC charge and lawsuit also did not specify the alleged ADA violations. *Id*. Additionally, the Individual Defendants could not be held liable under Title VII, as the law does not allow claims against individual employees. *Id*. at 5-6.

Plaintiff on March 4, 2020 filed an Amended Complaint that substituted in the City of Philadelphia as defendant, eliminated the ADA claim, and added a claim for discrimination on the basis of race in violation of 42 U.S.C. § 1981. 1st Am. Compl. 6 (ECF 32). Defendant responded on June 3, 2020 with the Motion to Dismiss now before this court.

In the interim, Plaintiff has also filed a Motion to Consolidate and Amend, seeking to allege the § 1981 claim against the same individual defendants as in the original complaint, and multiple dispositive motions, each nearly identical, all of which are also now before this court. (ECFs 58, 60, 62, and 64).

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Argueta v. US. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Ultimately, "[a] court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Gupta v. Albright Coll.*, No. 05-1921, 2006 WL 162977, at *1 (E.D. Pa. Jan. 19, 2006) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). The failure to file a suit within the relevant statute of limitations is a valid defense to raise in a Rule 12(b)(6) motion in the Third Circuit. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

As indicated above, Plaintiff initiated this lawsuit *pro se*. Accordingly, the Court must liberally construe Plaintiff's pleadings. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). A court construing a *pro se* complaint must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Id*. Finally, "[a] *pro se* complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

The Defense's sole contention is that Plaintiff's Amended Complaint is untimely. Mot. to Dismiss 4 (ECF 14). An individual may sue under Title VII of the Civil Rights Act after filing a charge with the EEOC and within 90 days of themselves or their lawyer (if represented) receiving the agency's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). The 90 day period to file after receipt of the right to sue letter is treated like a statute of limitations, and plaintiffs are assumed to have received the letter within three days of it being sent. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469-70 (3d Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)); *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

Plaintiff's amended complaint—which named the City of Philadelphia—was filed on March 4, 2020. Plaintiff was mailed his EEOC right-to-sue letter on June 11, 2019. EEOC findings 2 (ECF 20). The amended complaint was filed more than 90 days after receipt of the right-to-sue letter. Even if the extra 3 days for a mailed form are considered, that would create a period for filing the complaint that ends September 12, 2019. This is almost six months before the Amended Complaint was actually filed.

Because Plaintiff is proceeding *pro se*, he has contended in his "Objection" to the Motion to Dismiss (ECF 45) that he should be entitled to extra time to file due to his difficulty in finding a lawyer for his case and the purported "delay tactics" of Defendants. Obj. 3-4. While *pro se* pleadings are entitled to some level of liberal pleading, there is not an expectation that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The events Plaintiff describes in his response—confusion about whether he could sue his supervisors individually versus the city as a whole given his continued employment, "psychological trauma" and the alleged "falsification" of the employee review (*see* Obj. 3)—all do not rise to the level of justifying a departure from the statute of limitations.

In *Hedges v. U.S.* a *pro se* claimant's unrepresented status and contention that he suffered depression from losing his sailboat were not enough to justify equitable tolling of the two-year statute of limitations for his Federal Tort Claims Act claim, with the court calling the circumstances a "'garden variety claim of excusable neglect' to which we cannot extend equitable relief." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Furthermore, Plaintiff has not suggested the city misled him into incorrectly making Title VII claims against his individual supervisors instead of against the city in his original complaint; such conduct may suggest circumstances necessitating equitable tolling. *Kellam v. City of Philadelphia*, No. CV 14-7029, 2016 WL 147151, at *3 (E.D. Pa. Jan. 13, 2016) (stating that the lack of deception from Defendant was part of why there weren't "extraordinary" circumstances).

For these reasons, Plaintiff's late filing cannot be excused, and Defendant's Partial Motion to Dismiss counts I and II is granted.

### B. Plaintiff's Motion to Consolidate and Amend

Plaintiff has also filed a motion to consolidate and amend his complaint to re-introduce the individual defendants—Stephanie Gaines, Dennis Gibson, Glenn Harper, Kia Miller, Noreen Skirkie, and Tom Wismer—that could not be sued under Title VII. Instead, the would-be new complaint sues the individual defendants under 42 U.S.C. § 1981. Rule 15(a)(2) allows for the court to grant leave to amend "when justice so requires," but leave to amend can be denied "when such amendment would be futile," such as when "the amended complaint would not survive a motion to dismiss for failure to state a claim." Fed. R. Civ. P. 15(a)(2); *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (citations omitted).

#### i. *Defendant Dennis Gibson*

The amended complaint Plaintiff seeks to file cannot succeed with regards to Dennis Gibson, sued in his capacity as Vice President of AFSCME District Council 47, Local 2186. Gibson—as this court ruled in its order dismissing the first version of Plaintiff's complaint—was not Plaintiff's employer. 1st. Or. Dismissing Compl. 6. Plaintiff's proposed amended complaint does not allege any new facts that would change this ruling. Mot. to Consolidate 13. Thus, the Motion to Amend is denied with respect to Dennis Gibson.

#### ii. *Defendants Stephanie Gaines, Glenn Harper, Kia Miller, Noreen Skirkie, and Tom Wismer*

The amended complaint Plaintiff seeks to file also will not succeed with regard to the other individually named defendants. At the 12(b)(6) motion to dismiss stage, the main question is whether the Plaintiff's pleading alleges facts such that there is "a reasonable expectation that discovery will reveal evidence of each element." *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162,168 (3d Cir. 2019). To establish a claim of discrimination under § 1981, "a plaintiff

must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010). Employment discrimination claims under § 1981 are analyzed under the same framework as Title VII claims. *See Jones v. School Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). "Intent" for the purposes of (3) "means only intentional or purposeful discrimination." *Argentina v. Gillette*, No. CV 17-2908, 2018 WL 623680, at *2 (E.D. Pa. Jan. 30, 2018) (citing *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)).

Accepting as true the conduct alleged by plaintiff—that Gaines didn't provide appropriate training to Plaintiff, or that Skirkie, Miller, and Wismer all participated in a decision to not promote him, or even that any or all of these individuals did not treat Plaintiff's white co-workers in the same manner—at no point do these facts properly allege that there was an intent to discriminate against Plaintiff by these superiors on the basis of race, which is the pleading standard specifically for § 1981. Rather, it "alleges a series of unfortunate events and then states, in conclusory fashion, that the reason for those events is . . . discriminatory animus." *Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 716 (3d Cir. 2012). Furthermore, the mere fact that Plaintiff's superiors were non-Black does not constitute an inference of discriminatory intent. *See Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 532 F. App'x 89 (3d Cir. 2013) (Affirming a district court's dismissal of a lawsuit where racial difference was the only evidence supporting an assertion of racial discrimination.).

For these reasons, Plaintiff's motion to amend is denied, as amendment would be futile.

### C. Plaintiff's Dispositive Motions: Motion for Entry of Judgment, Motion for Summary Judgment, and Motion for Entry of Judgment on the

### Pleadings

Plaintiff has filed three dispositive motions that are pending before this court; a Motion for Entry of Judgment, a Motion for Summary Judgment, and a Motion for Entry of Judgment on the Pleadings. Each of these motions, despite having a different wrapper, contains virtually identical content and as such will be discussed in one section. (ECFs 60, 62, and 64).

First, this court has already denied Plaintiff's three requests for Entry of Default (ECFs 37, 40, and 41). (ECF 59). Plaintiff has not presented any new material in the following dispositive motions demonstrating why relief is warranted. Whether a default judgment can be set aside is based on three factors: "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). Factors that would lead to a finding of prejudice include "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id*. at 657. None of these factors is present in Plaintiff's motions.

There is no demonstration of (1) potential prejudice to Plaintiff. Each motion simply contends that Defendants are playing a "hide and seek game" with regards to filings, and goes on to excerpt the relevant Federal Rule of Civil Procedure, followed by a calculation of damages that have not been proven at this stage of the proceeding. (ECFs 60, 62, and 64).

On factor (2), defendant has presented a meritorious defense throughout this case. Plaintiff's request also does not meet factor (3). Culpable conduct exists when "[defendant's] delay in responding is 'willful or in bad faith.' While more than mere negligence must be demonstrated, 'reckless disregard for repeated communications from plaintiffs and the Court, combined with failure to investigate the source of a serious injury' can result in inexcusable

default." *Griffen v. Alpha Phi Alpha, Inc.*, No. CIV A 06-1735, 2006 WL 3302438, at *3 (E.D. Pa. Nov. 9, 2006) (citations omitted). There is no evidence of such bad faith in this case. Defendant requested an extension to file its response to Plaintiff's amended complaint, and was responsive to Plaintiff's June 1, 2020 Motion for Entry of Default Judgment and this court's Order to respond to the default judgment request on June 3, 2020 with the Motion to Dismiss addressed above. While Defendant could have been more prompt in responding to these motions, there was not nearly the degree of "reckless disregard" needed to sustain a default judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED** and Plaintiff's motions are **DENIED**.